### WHEELER *v.* COLEMAN.

ELECTIONS—QUO WARRANTO—CANVASS—RECOUNT—OPENING BOX.
In quo warranto proceedings, evidence that the board of election inspectors announced the result of the count to be favorable to relator but did not prepare a statement of the result, and, on the following day, at the request of respondent, who did not file a petition and pay a fee as required by law, caused the box to be opened and the ballots recounted, relator being absent, that as a result of the new proceedings respondent was declared elected to the office, *held*, insufficient to support respondent's title to the office of township treasurer because of the neglect to observe statutory requirements for recounting the ballots; and although relator was notified and appeared at the second recount, which was commenced later in the day, his presence without protest was not conclusive against him. 1 Comp. Laws, §§ 3638-3648 (1 How. Stat. [2d Ed.] §§ 238-248).

Error to Van Buren; Des Voignes, J. Submitted April 22, 1913. (Docket No. 110.) Decided July 9, 1913.

Quo warranto by Oscar Wheeler against Arthur

Coleman to determine title to the office of township treasurer. Judgment for relator. Respondent brings error. Affirmed.

*W. J. Barnard,* for appellant.

*Glenn E. Warner* and *Thomas J. Cavanaugh,* for appellee.

In this case relator and respondent were rival candidates for the office of treasurer for the township of Antwerp. The election was held April 1, 1912. At the close of the polls on election day the vote was canvassed by the members of the board, and it was publicly announced by the chairman thereof that relator had received 213 votes and respondent 209 votes. At the conclusion of the canvass, and after the announcement of the result, the ballots were returned to the box, the box was locked and sealed, though not in accordance with the statute. 1 Comp. Laws, §§ 3638, 3647 (1 How. Stat. [2d Ed.] §§ 238, 247). During the canvass the unused ballots were passed around among those present to keep tally upon, and were not returned to the township clerk, as provided by 1 Comp. Laws, § 3645 (1 How. Stat. [2d Ed.] § 245). The inspectors of election did not, on the night of election, prepare a statement of the result and certify it in duplicate, as required by 1 Comp. Laws, § 3648 (1 How. Stat. [2d Ed.] § 248), but returned upon the following morning for that purpose, having left the ballot box, locked and in a manner sealed, unguarded in the town hall during the night. On that morning the respondent appeared before the board and asked for a recount. Respondent did not comply with the law (1 Comp. Laws, § 3725, 1 How. Stat. [2d Ed.] § 322) in that his petition was not in writing, he made no deposit, and served no notice upon relator, the opposing candidate. Nevertheless

the inspectors opened the box in the absence of relator, and proceeded to recount the ballots; respondent and his brother handling and advising upon the same. About 11 o'clock a. m. a member of the board telephoned to relator, who went to the town hall in the afternoon, when the ballots were again recounted. As a result of this recount the board found, announced, and certified that respondent had received 212 votes and relator had received 210. This action of the board purported to give respondent title to the office. Whereupon, and on April 15, 1912, relator filed his petition for leave to file an information in the nature of a quo warranto for the purpose of determining his rights to said office. Upon the trial of the issue the court directed a verdict in favor of relator. Judgment was entered thereon, and relator assumed the office. At the time the case was presented in this court relator had completed his duties, as the term had expired.

BROOKE, J. *(after stating the facts).* It is the contention of respondent: (1) That the court erred in directing a verdict for relator; (2) that the court erred in not directing a verdict for respondent; (3) that the court erred in not admitting in evidence the ballots said to have been cast at the election, and in not submitting the question to the jury. We deem it unnecessary to follow respondent's counsel in his legal argument. The undisputed facts in the case fully warranted the action taken by the court below.

Assuming that the ballot box was properly locked, sealed, and cared for on the night of April 1st, and that it was found by the board on the morning of the 2d in the same condition in which they had left it, the board yet had no legal right to open the box and proceed to a recount of the ballots in the absence of relator and without compliance, on the part of re-

spondent, with the statutory requirements relative to recounts. The fact that relator appeared in the afternoon and participated in a second recount without protest is not material. *May* v. *Board of Canvassers,* 94 Mich. 505, at page 512 (54 N. W. 377). The box had been opened several hours earlier, and the ballots had been handled by at least one person not a member of the board (respondent's brother) ; and, while the evidence tends to negative any fraud or wrongdoing on the part of any one engaged in the first recount, we are of opinion that what was done was so clearly illegal and an invasion of relator's rights as to warrant the court in holding that the result as announced by the board upon the night of the 1st was the true result and binding upon all parties. The proceedings for a recount are purely statutory, and the statutory requirements must be observed. *Andrews* v. *Otsego Probate Judge,* 74 Mich. 278 (41 N. W. 923) ; *Miner* v. *Beurmann,* 165 Mich. 672 (131 N. W. 388). See, also, *Ritze* v. *Board of Canvassers,* 172 Mich. 423 (137 N. W. 964) ; 15 Cyc. pp. 429, 430.

The judgment is affirmed.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.