HAILWOOD v. BOARD OF STATE CANVASSERS.

1. ELECTIONS—SECRECY OF BALLOT—DISTINGUISHING MARKS.
   Ballots cast which bore a number which could correspond to the same number found upon the poll list and thereby be identified as that cast by a certain elector are void as violating both the spirit and the letter of statute seeking to preserve the secrecy of the ballot by having the number and identification on the perforated corner of the ballot torn off by an election inspector in the presence of the elector and the board of election inspectors (1 Comp. Laws 1929, § 3112, as amended by Act No. 234, Pub. Acts 1935).

2. SAME—RECOUNTING—BROKEN SEALS—STATUTES.

Ballots which board of State canvassers refused to recount be-
cause the board of election inspectors had failed to tie the
counted ballots in packages or rolls and indorse upon each
package a statement showing the number and kind of ballots
in such package and deposit them in the ballot box as required
by statute are ordered recounted on petition for mandamus in
view of statute requiring the recounting of ballots if they cor-
respond in number with the poll list delivered to the county
clerk by the board of inspectors even though the seal, tape, or
wrapper shall have been loosened or broken (1 Comp. Laws
1929, § 3156, as amended by Act No. 200, Pub. Acts 1931, and
§ 3226, as amended by Act No. 46, Pub. Acts 1935).

Mandamus by James W. Hailwood against Board
of State Canvassers to compel the recounting of
certain ballots in Kent and Ottawa counties. Sub-
mitted October 14, 1938. (Calendar No. 40,310.)
Writ granted as to precincts in Ottawa county, Octo-
ber 14, 1938.

*Archibald D. Jones,* for plaintiff.

*Raymond W. Starr,* Attorney General, *John H.
Brennan,* Deputy Attorney General, and *Edmund E.
Shepherd,* Assistant Attorney General, for defend-
ant.

PER CURIAM.    Petitioner James W. Hailwood was
a candidate in the primary election of September 13,
1938, for the democratic nomination for representa-
tive from the fifth congressional district, composed
of the counties of Kent and Ottawa.    Within the
statutory period his opponent, Tunis Johnson, filed
a petition for recount of ballots in certain election
precincts, only those in the township of Paris, county
of Kent, and the cities of Holland and Zeeland,
county of Ottawa, being here involved.

At the proceedings subsequently conducted by it
the board of canvassers refused to recount the bal-

lots in the above named precincts for reasons hereinafter discussed. The board certified, on October 6th, that Tunis Johnson was the democratic nominee in the fifth district.

Petitioner seeks a writ of mandamus requiring the board of State canvassers to reconvene and recount the ballots in said precincts.

We issued an order to show cause and, from a return thereto, it appears that the ballots cast in Paris township, precinct No. 3, Kent county, despite the provisions of 1 Comp. Laws 1929, § 3112, as amended by Act No. 234, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 3112, Stat. Ann. § 6.401), which reads in part: "the inspector shall tear off the corner of the ballot, where perforated, containing the number and identification and shall then, in the presence of the elector and the board of inspectors, deposit without opening the ballot or each of said ballots in the proper ballot box," bore a distinguishing mark, to-wit, a number which could correspond to the same number found upon the poll list and each of such ballots could thereby be identified as that cast by a certain elector, thereby violating both the spirit and the letter of the quoted statute which seeks to preserve the secrecy of the ballot.

See *Lindstrom v. Board of Canvassers of Manistee County,* 94 Mich. 467 (19 L. R. A. 171).

The ballots were not recounted in the designated precincts in the cities of Holland and Zeeland, Ottawa county, because, according to the return of the board of State canvassers,—

"the board of election inspectors had failed to tie the counted ballots in packages or rolls, and indorse upon each package a statement showing the number and kind of ballots included in such package, and thereafter deposit them in the ballot box, as re-

quired by part 4, chapter 12, § 5 of the general election act, the same being 1 Comp. Laws 1929, § 3156, as amended by Act No. 200, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 3156, Stat. Ann. § 6.445), and further that said ballots were not recounted, wrapped, sealed and indorsed in such uniform manner as prescribed by the secretary of State, as provided by 1 Comp. Laws 1929, § 3156, as amended.''

In *Groesbeck* v. *Board of State Canvassers,* 251 Mich. 286, we held, in substance, that the failure of the election inspectors properly to tie ballots in packages and indorse thereon a statement showing the number and kind of ballots included therein is fatal to the recount of such ballots by the board of State canvassers, since such statement is part of the statutory evidence of the integrity of such ballots.

Prior to the enactment of Act No. 46, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 3226, Stat. Ann. § 6.537), 1 Comp. Laws 1929, § 3226, read:

''Upon a recount before any board of canvassers ballots in packages or rolls, tied and sealed in the manner prescribed in section five of chapter twelve of part four of this act, if they correspond in number with the poll list delivered to the county clerk by the board of inspectors, shall be counted even though the seal upon the ballot box has been broken.''

The act of 1935 added the following:

''If upon a recount before any board of canvassers, it shall be found that the ballot box is secured and sealed in the manner prescribed in the above mentioned section, the ballots, if they correspond in number with the poll list delivered to the county clerk by the board of inspectors, shall be recounted even though the seal, tape, or wrapper shall have been loosened or broken.''

A writ of mandamus will issue requiring the board of State canvassers to reconvene and recount forthwith the ballots cast for the democratic candidates for representative from the fifth congressional district in the precincts in Ottawa county named in the petition and return.

BUTZEL and MCALLISTER, JJ., did not sit.