RYAN v WAYNE COUNTY BOARD OF CANVASSERS

(RYAN v MONTGOMERY)

1. ELECTIONS—RECOUNTS—BALLOTS—STATUTES.

The statutory provisions with respect to recounts of ballots are mandatory and must be observed with exactitude (MCLA 168.871[1]).

2. ELECTIONS—RECOUNTS—BALLOTS—BALLOT BOXES—SEAL OF RECORD —STATUTES.

A board of canvassers improperly refused to recount certain ballots where the board believed that both the ballot boxes and the ballot bags must be securely sealed with the seal of record; statutory provisions require that ballot boxes be sealed with the seal of record, but only that the ballot bags be secure and sealed so that no ballots may be removed or inserted (MCLA 168.871[1]).

3. ELECTIONS—RECOUNTS—BALLOTS—BALLOT BOXES—SEAL OF RECORD —POLL BOOK—SIGNATURE—STATUTES.

The absence of the appropriate signature on a poll book would appear to render a ballot box improperly sealed, thereby rendering the ballots within not recountable; however, this is the type of omission which could be corrected by requiring the election inspectors to come before the board of canvassers and perform their statutorily mandated duty of signing the poll book (MCLA 168.823, 168.871[1]).

Appeal from Wayne, Theodore R. Bohn, J. Submitted Division 1 December 10, 1973, at Detroit. (Docket No. 16373.) Decided April 30, 1974. Leave to appeal applied for.

Complaint by George T. Ryan against the Wayne County Board of Canvassers (Marguerite A. Montgomery, Denzil Hammond, Morris Hood, and

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 26 Am Jur 2d, Elections §§ 295, 355, 356.

Earl Kennedy) for mandamus to compel recounting of certain ballots. Three judges of the Recorder's Court of Detroit, Susan Borman, James Del Rio, and Clarence Laster, Jr., intervened as defendants and moved to dismiss the complaint. Complaint dismissed. Plaintiff appeals. Reversed and remanded with instructions.

*Carl Ziemba,* for plaintiff.

*Aloysius J. Suchy,* Corporation Counsel, and *Brenda J. Maxwell,* Assistant Corporation Counsel, for defendant Wayne County Board of Canvassers.

*Tom Downs,* for intervening defendant Judge Susan Borman.

*Alphonso R. Harper* for intervening defendant Judge James Del Rio.

*Arthur J. Cole,* for intervening defendant Judge Clarence Laster, Jr.

Before: HOLBROOK, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. The voters in the City of Detroit, Michigan, elected seven new judges for the Recorder's Court on November 7, 1972. The plaintiff, being one of the 14 nominees, finished in eighth place, trailing the seventh-place finisher by 283 votes. On November 10, 1972, having become fearful of gross irregularities in the counting of the absentee ballots, plaintiff filed a complaint for an order of superintending control and injunctive relief. A consent order was entered on November 13, 1972, whereby the ballots were to be impounded, sealed, and secured by the election offi-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

cials and guarded by the police. A recount was properly requested on November 24, 1972 of certain absentee ballots and the board of canvassers, as required by law, began that process on January 3, 1973. For reasons which will hereafter be explained, 16 of the precincts, being a total of 15,431 ballots, were not recounted.

On January 10, 1973, while the recount was being undertaken, plaintiff filed a complaint for mandamus in Wayne County Circuit Court against defendants Montgomery, Hammond, Hood, and Kennedy, the members of the Wayne County Board of Canvassers. Plaintiff alleged in his complaint that ballot boxes and ballot bags were sealed in accordance with the statutory dictates and thus should have been recounted, and sought an order directing defendants to recount the absentee ballots in the 16 precincts which the board held to be not subject to recount. Plaintiff also sought "such other and further relief in the premises as to [the] Court may seem meet and just". Defendants Borman, Del Rio, and Laster, the three elected judges receiving the least number of votes, were allowed to intervene. Defendants moved for the dismissal of the complaint for mandamus. After the show-cause hearing and subsequent hearings on defendants' motion to dismiss had been held, the trial court on January 19, 1973 entered its order dismissing the complaint. On January 22, 1973 the board, after completing the recount of those precincts it determined to be recountable, certified the election results, which reduced the difference between plaintiff and the seventh-place finisher to 238 votes. Thereafter plaintiff appealed as of right from the dismissal of his complaint for mandamus.

In order to determine the propriety of the trial court's order, it is necessary to understand the statutory mandate governing the recount of paper ballots. MCLA 168.871(1); MSA 6.1871(1) provides:

"Upon a recount before any board of canvassers, ballots in packages or ballot bags, secured and sealed so that no ballots may be removed or inserted only if they correspond in number with the poll list delivered to the proper clerk, by the board of inspectors, shall be counted even though the ballot box is not securely sealed with the seal of record. If, upon a recount before any board of canvassers, it shall be found that the ballot box is securely sealed with the seal of record, the ballots only if they correspond in number with the poll list delivered to the proper clerk by the board of inspectors, shall be recounted even though the ballots are not secured and sealed in packages or ballot bags. If, upon a recount before any board of canvassers, it is found that the ballot box is not securely sealed or if the seal thereon is not the seal of record and that the ballots in packages or ballot bags are not secured and sealed so that no ballots may be removed or inserted, the ballots may not be recounted and the original count of such ballots as reported by the board of inspectors shall stand as the correct count."

The statute clearly provides that ballots will be recounted:

(1) if the ballot bags are "secured and sealed so that no ballots may be removed or inserted" notwithstanding the fact that the ballot box is not "securely sealed with the seal of record", provided the number of ballots in the bags correspond with the number of ballots set forth in the poll list;

or

(2) if the ballot box is "securely sealed with the seal of record" notwithstanding the fact that ballot bags "are not secured and sealed", provided that the number

of ballots in the box correspond with the number of ballots set forth in the poll list.[1]

The statute further provides if the ballot box is not securely sealed with the seal of record and the ballot bags are not secured and sealed so that no ballots may be removed or inserted, the ballots "may not be recounted"[2] and the original count stands as the correct count.[3]

It has long been the law of this state that the statutory provisions with respect to recounts of ballots are mandatory and must be observed with exactitude.[4] MCLA 168.871(1), *supra,* thus provides the sole means for determining whether the ballots have been properly preserved so as to allow recounting and the sole criteria upon which the board of canvassers can refuse to recount the ballots.[5] Thus, the question before the circuit court

---

[1] While the statute does not explicitly provide that the ballots are recountable if both the ballot box is "securely sealed with the seal of record" and the ballot bags are "secured and sealed so that no ballots may be removed or inserted", such ballots are recountable. This apparent omission in the statute is covered by the regulations promulgated by the Board of State Canvassers pursuant to the mandate of MCLA 168.889; MSA 6.1889. *See* Administrative Code 1963 AACS, R 168.918, p 2778.

[2] Plaintiffs' assertion that the use of the phrase "may not be recounted" is permissive and thus allows the board of canvassers to exercise its discretion in whether to recount is without merit. While the Legislature used the verb "may not be recounted" it is clear that the intent was that the ballots shall not be recounted under the circumstances. Any other construction would be inconsistent with the overall intent of this section, which is to insure the purity of the results of the recount.

[3] Again the statute makes no explicit provision as to what should be done where either the box or bag is not properly sealed and the ballot count does not correspond with the number on the poll list. Again the regulations provide the answer, which is that the ballots are not recounted and the original return shall stand. *See* Administrative Code 1963 AACS, R 168.920, p 2778.

[4] *Wheeler v Coleman,* 176 Mich 285; 142 NW 570 (1913); *Campbell v Murray,* 216 Mich 236; 184 NW 868 (1921); *Smith v Board of Canvassers of Saginaw County,* 220 Mich 318; 189 NW 856 (1922).

[5] Subject also, of course, to any regulations promulgated by the

was whether the county board of canvassers had complied with the statutory mandate in determining whether the ballots should be recounted. If the board did not use the proper criteria in determining that the ballots were not recountable, the court should have issued a writ of mandamus compelling the board to discharge its duty in accordance with the statutory mandate.[6]

The circuit court in its opinion denying the writ stated, in pertinent part:

"The plaintiff in his amended complaint states that the actions of the Board of Canvassers in failing to count the precincts hereinbefore set forth is capricious, arbitrary and contrary to law. He makes the same allegations as to each precinct. He states that all of the boxes were properly sealed. Further he states that all of the ballot bags in the ballot boxes were properly sealed and all the ballots contained in the ballot boxes corresponded in number to the poll list. He simply recited in his complaint the wording from the statute without any recitation of facts.

"The defendant, through the chairman of the Board of Canvassers, Denzil Hammond, based on the findings of fact by the Board, answered each allegation in the complaint. The answer is attached hereto and made a part of this opinion.

\* \* \*

State Board of Canvassers which are not inconsistent with the language of the statute.

[6] Mandamus was the proper method of challenging the actions of the board with respect to the allegations that the board was refusing to recount ballots which were recountable by law. *See Smith v Board of Canvassers of Saginaw County,* 220 Mich 318; 189 NW 856 (1922); *Groesbeck v Board of State Canvassers,* 251 Mich 286; 232 NW 387 (1930); *Hailwood v Board of State Canvassers,* 286 Mich 240; 281 NW 631 (1938); *McNally v Board of Canvassers of Wayne County,* 316 Mich 551; 25 NW2d 613 (1947). Likewise, the mere fact that the election results have already been certified cannot defeat the right of plaintiff to pursue review of the circuit court's order denying the writ or this Court's jurisdiction to undertake such review on the merits.

"As previously stated, in the instant case the records and minutes of the recount proceedings as set forth in the answer of the Board of Canvassers clearly show that the requirements for the preservation of the ballots as cast were not observed.

\*   \*   \*

"The Court is of the opinion that the plaintiff in his amended complaint has failed to state any facts which demonstrate an abuse of discretion on the part of the defendant Board of Canvassers, or refusal to carry out a statutory mandate. The precincts listed by the plaintiff are absentee counting board precincts, and all are votes cast on paper ballots, which ballots are subject to the mandatory rules of recountability as set forth in MCLA 168.871. The Court finds that the rulings of the Wayne County Board of Canvassers as to the recountability of ballots or precincts were in accordance with and in conformance with the statute."

It is unnecessary to reach the question of whether plaintiff's pleadings were sufficient, since, contrary to the circuit court's conclusion that defendant board's answer clearly shows that the statutory requirements for allowing recounts were not complied with, the answer of defendant board clearly shows that the board relied upon an erroneous interpretation of the statute in determining whether the ballots were recountable.

To illustrate, the board, in its amended answer with respect to precinct 901, answered as follows:

"2. Answering paragraph 12, defendants deny the allegations contained therein and affirmatively state that in precinct 901 neither ballot boxes seal numbers nor ballot bags seal numbers were recorded on the poll book, thereby making the precinct not recountable by statute."

It is clear from this answer that the board believed that both the ballot boxes and the ballot bags must

be securely sealed with the *seal of record (i.e.,* the seal numbers must be those recorded in the poll book). While the statute does clearly require that the ballot boxes be sealed with the seal of record, the statute requires only that the ballot bags be "secured and sealed so that no ballots may be removed or inserted". Therefore the absence of the recordation of the bag seal numbers does not in and of itself render a bag improperly sealed within the provisions of the statute.[7]

The board's answers with respect to certain other precincts also indicate that they considered the fact the poll books and/or the certificate were not signed. While the absence of the appropriate signature on the poll book would appear to render a ballot box improperly sealed, it would appear that this is the type of omission which could be corrected by requiring the election inspectors to come before the board and perform their statutorily mandated duty of signing the poll book. See MCLA 168.823; MSA 6.1823.

While the record before the circuit court and before us now does not support the conclusion that any of the contested precincts must be recounted, since the board never reached the stage of making a physical count of the ballots to ascertain whether the number of ballots corresponded with the number of ballots recorded on the poll book, the record does clearly support the conclusion that the board did not proceed with the recount in accordance with the mandate of the statute. The circuit court therefore erred in refusing to issue an order of mandamus compelling the board to pro-

---

[7] The same rationale is applicable to precincts 922 and 929. Likewise, the fact that in precincts 918 and 919 the bag seal numbers did not agree with the numbers recorded in the poll book does not in and of itself make the bags improperly sealed within the meaning of the statute.

ceed with recount in accordance with the strict requirements of the statute.

Since there remain certain unanswered crucial questions, we are compelled to remand to the circuit court for a hearing. The circuit court shall determine at this hearing whether the reasons given by the defendants for the failure to recount the precincts not recounted are sufficient under the rules set forth in this opinion. The circuit court shall make proper resolution by mandamus of those precincts recountable under the law. At such hearing the burden of proof shall be on plaintiff; however, the defendants shall have the burden of proceeding with the evidence inasmuch as the facts are peculiarly within their knowledge.[8] Prior to the hearing the plaintiff may, if he desires, have discovery of defendants to disclose the necessary facts.

If after said hearings the court determines that, in addition to precinct 901, there are other precincts which the board determined to be not recountable on the basis of factors not contained in MCLA 168.871, *supra,* the court shall order the board to proceed with the determination of the recountability in compliance with the strict mandate of the statute, and shall order the board to recount any precincts which are determined to be recountable under the statute as construed herein.

Reversed and remanded to the circuit court for proceedings consistent with this opinion. This Court retains no further jurisdiction. No costs, a public question being involved.

All concurred.

---

[8] 55 CJS, Mandamus, § 325, p 563.