RYAN v WAYNE COUNTY BOARD OF CANVASSERS

(RYAN v MONTGOMERY)

Docket Nos. 56055, 56060, and 56061. Argued April 8, 1975 (Calendar No. 2).—Decided April 1, 1976.

Plaintiff George T. Ryan was a candidate for the office of Judge of the Recorder's Court of Detroit in the November, 1972 election. Seven persons were to be elected and Ryan finished in the eighth position. He asked for a recount in certain precincts and the Wayne County Board of Canvassers refused to recount 16 absentee voter precincts. Plaintiff brought a complaint for mandamus against the Wayne County Board of Canvassers (Marguerite A. Montgomery, Denzil Hammond, Morris Hood and Earl Kennedy) to compel recounting of the ballots, and three judges of the Recorder's Court of Detroit, Susan Borman, James Del Rio and Clarence Laster, Jr., intervened as defendants. The Wayne Circuit Court, Theodore R. Bohn, J., dismissed the complaint because neither the ballot bag nor the ballot box was sealed with a seal of record. The Court of Appeals, Holbrook, P. J., and McGregor and Van Valkenburg, JJ., reversed (Docket No. 16373). Intervening defendants appeal and plaintiff cross-appeals. *Held:*

The proceedings for a recount are purely statutory and the statutory requirements are mandatory. Neither the ballot box nor the ballot bag were sealed with a seal of record, a standard one-time seal which is destroyed upon opening and the number of which is to be recorded in the poll book, as required by the Board of State Canvassers and Elections Bureau for a recount. This requirement is in accord with the language of the statute and implements the legislative purpose of permitting recounts only where there is assurance that the ballots have not been altered after the original count.

The decision of the Court of Appeals is reversed and the complaint is dismissed.

53 Mich App 26; 218 NW2d 424 (1974) reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 26 Am Jur 2d, Elections § 295.
[3] 25 Am Jur 2d, Elections § 5.

1. Elections—Recounts—Ballots.

    The proceedings for a recount of ballots are purely statutory, and the statutory requirements must be observed or the recount is precluded (MCL 168.871[1]; MSA 6.1871[1]).

2. Elections—Recounts—Ballots—Seal of Record.

    A board of canvassers properly refused to recount certain ballots where neither the ballot box nor the ballot bag was secured with a seal of record recorded in the poll book or by some other means so that no ballots may be removed or inserted (MCL 168.871[1]; MSA 6.1871[1]).

3. Elections—Statutes—Mandatory Provisions.

    Mandatory provisions of the election law must be given full effect even though it results in disfranchisement of voters or prevention of a recount.

*Carl Ziemba* for plaintiff.

*Downs & Edwards* for intervening defendant Judge Susan Borman.

Amicus Curiae: *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Charles D. Hackney,* Assistant Attorney General.

Levin, J. George T. Ryan was a candidate for the office of Judge of Recorder's Court for the City of Detroit in the November, 1972 election. Seven persons were to be elected. The original vote and recount vote for the persons who finished in the fifth through eighth positions were:

|  | Original Vote | Recount Vote |
|---|---|---|
| Susan Borman | 110,753 | 110,701 |
| James Del Rio | 110,586 | 110,495 |
| Clarence Laster | 110,520 | 110,427 |
| George T. Ryan | 110,237 | 110,289 |

Ryan asked for a recount of 192 of the 1185 election precincts—106 voting machine precincts, 86 absentee voter precincts. The Wayne County Board of Canvassers refused to recount 16 absen-

tee voter precincts. The circuit court sustained the ruling of the board because neither the ballot bag nor the ballot box was sealed with a seal of record. The Court of Appeals reversed, declaring:

"While the statute does clearly require that the ballot boxes be sealed with the seal of record, the statute requires only that the ballot bags be 'secured and sealed so that no ballots may be removed or inserted'. Therefore the absence of the recordation of the bag seal numbers does not in and of itself render a bag improperly sealed within the provisions of the statute." [1]

We reverse the Court of Appeals and order dismissal of the complaint. A seal which is not of record provides no assurance that ballots have not been removed from or inserted in a ballot bag.[2]

I

Section 871(1) of the Michigan Election Law limits the recountability of ballots to situations where there is sufficient assurance that the vote has not been altered between the original count and the recount. If either (i) the ballot *bag* is "secured and sealed so that no ballots may be removed or inserted" and the number of ballots in the bag "correspond in number with the poll list"

---

[1] *Ryan v Wayne County Board of Canvassers,* 53 Mich App 26, 33; 218 NW2d 424 (1974).

[2] The election was November 7, 1972. A consent order was entered November 13, 1972 by the circuit court directing the Police Department of the City of Detroit to impound, seal and secure all absentee ballots. Ryan contends that under these circumstances there could have been no tampering with the ballots.

We note that the ballots were not delivered to the custody of the police department until six days after the election. Additionally, this Court in *Wheeler v Coleman,* 176 Mich 285, 288; 142 NW 570 (1913), stated that even though "the evidence tends to negative any fraud or wrongdoing", noncompliance with statutory requirements concerning recounts precludes a recount.

or (ii) the ballot *box* is "securely sealed with the seal of record", the ballots are recountable. If neither (i) nor (ii) obtains, "the ballots may not be recounted and the original count of such ballots as reported by the board of inspectors shall stand as the correct count".[3]

We agree with the Court of Appeals that the phrase "*may* not be recounted" means *shall* not be recounted.[4]

Noncompliance with statutory requirements concerning recounts precludes a recount. "The proceedings for a recount are purely statutory, and the statutory requirements must be observed." *Wheeler v Coleman,* 176 Mich 285, 288; 142 NW 570 (1913). "The evident purpose of the precautions prescribed in the statute is to preserve the integrity of the ballots, so that, if necessary to resort to a recount thereof, it may be done with

---

[3] "Sec. 871. (1) Upon a recount before any board of canvassers, ballots in packages or ballot bags, secured and sealed so that no ballots may be removed or inserted only if they correspond in number with the poll list delivered to the proper clerk, by the board of inspectors, shall be counted even though the ballot box is not securely sealed with the seal of record. If, upon a recount before any board of canvassers, it shall be found that the ballot box is securely sealed with the seal of record, the ballots only if they correspond in number with the poll list delivered to the proper clerk by the board of inspectors, shall be recounted even though the ballots are not secured and sealed in packages or ballot bags. If, upon a recount before any board of canvassers, it is found that the ballot box is not securely sealed or if the seal thereon is not the seal of record and that the ballots in packages or ballot bags are not secured and sealed so that no ballots may be removed or inserted, the ballots may not be recounted and the original count of such ballots as reported by the board of inspectors shall stand as the correct count." MCLA 168.871; MSA 6.1871.

[4] "Plaintiffs' assertion that the use of the phrase 'may not be recounted' is permissive and thus allows the board of canvassers to exercise its discretion in whether to recount is without merit. While the Legislature used the verb 'may not be recounted' it is clear that the intent was that the ballots shall not be recounted under the circumstances. Any other construction would be inconsistent with the overall intent of this section, which is to insure the purity of the results of the recount." *Ryan v Wayne County Board of Canvassers, supra,* p 30, fn 2.

the assurance of having the ballots present the identical verity they bore when cast." *Smith v Board of Canvassers of Saginaw County,* 220 Mich 318, 320; 189 NW 856 (1922).

Here neither the ballot box nor the ballot bag was sealed with a seal of record. While § 871(1) does not in terms require that a ballot *bag* be secured and sealed with a metal seal or that the seal number be recorded, it does require that ballot bags be "secured and sealed so that no ballots may be removed or inserted". These ballot bags were sealed with a metal seal, the number of which was not recorded in the poll book. Such a seal does not preclude the removal or insertion of ballots or tampering with ballots, *e.g.,* adding a vote.[5] A large number of seals are distributed at election time. It is not required that seal numbers be recorded until used.[6] A person intent on fraud who had access to metal seals could cut a seal attached by election officials and replace it with another seal after he had changed the vote. Indeed, a seal not of record provides no evidence that a seal was ever used—the only seal may have been attached by a dishonest person after he tampered with the ballots.

It is not suggested that these ballot bags were by some adequate means—other than the use of a metal seal not of record—"secured and sealed so that no ballots may be removed or inserted".

Since at least 1968, shortly after the 1965 enact-

---

[5] On recount, an added vote would be counted if less than the number to be elected had been voted for; if the number to be elected had been voted for, the added vote would invalidate all votes cast for the office.

[6] "The numbers on all metal seals used to seal all voting machines, ballot boxes and ballot bags at the completion of the precinct canvass shall be recorded on the certificate provided in the poll book and this certificate shall be signed by all members of the board of inspectors." MCLA 168.735; MSA 6.1735.

ment of § 871(1) in its present form, the Board of State Canvassers and Elections Bureau has determined recountability of a precinct by ascertaining first whether the ballot box or the ballot bag is sealed with a seal of record, *i.e.,* a "standard metal 'one-time' seal which is destroyed upon opening after fastening, issued by the Secretary of State, the number of which was recorded in the poll book".[7] If both box and bag are so sealed, the precinct is recountable; if neither is so sealed, it is not; and if only one is so sealed, it is recountable if the number of ballots agrees with the number of voters shown by the poll book.[8] This construction of § 871(1) is in accord with the language of the section and implements the legislative purpose of permitting recounts where there is assurance that the ballots have not been altered after the original count.

We appreciate, as urged by Ryan, that this construction enables election workers to preclude a recount by designedly omitting to comply with preconditions to a recount. The Legislature has evidently decided, however, that the need to guard against alteration of the vote between the original count and a recount outweighs the risk that the original count was erroneous and a recount will be circumvented by election workers. "[M]andatory provisions must be given full effect even though it results in disfranchisement of voters or prevention of recount." *Groesbeck v Board of State Canvassers,* 251 Mich 286, 291; 232 NW 387 (1930).

---

[7] This description is quoted from the brief of the Attorney General as amicus curiae in support of the judgment of the circuit court.

[8] If both box and bag are so sealed and the number of ballots do not agree, excess ballots are required to be withdrawn pursuant to procedures prescribed by the Board of State Canvassers. *See* 1963 AACS, R 168.921, p 2778.

The Court of Appeals is reversed and the complaint is dismissed.

Kavanagh, C. J., and Williams, Coleman, and Fitzgerald, JJ., concurred with Levin, J.

Lindemer and Ryan, JJ., took no part in the decision of this case.