**Richard HAGER, Appellant,**

v.

**D. E. CARTER, Appellee.**

No. 8493.

Court of Civil Appeals of Texas, Texarkana.

Aug. 23, 1977.

Edmund M. Anderson, Gumm & Anderson, Bedford, for appellant.

Frank W. Sullivan, III, Fort Worth, for appellee.

CHADICK, Chief Justice.

This is an appeal in a statutory action to contest the results of a city election. The trial court adjudged contestant, D. E. Carter, ". . . entitled to hold the office of City Councilman, Place 2, City of Keller, for the statutory term." Contestee, Richard Hager, has appealed.

An election to select councilmen for the City of Keller, Texas, was held on April 3, 1976. Candidates for the office of City Councilman, Place 2, included Richard Hager, D. E. Carter, Roby Stephens, Paul Meine and Gaines Blevins. The ballots cast at the election were counted the evening of the election day under supervision of the election precinct judge. When the ballot count was completed the election judge announced that the two candidates for Councilman, Place 2, receiving the highest number of votes were Hager and Carter and that each received 149 votes. Honorable George Richardson, Mayor of the City of Keller, requested the precinct judge to make a recount immediately. Without other formalities a recount was promptly conducted. The requested recount determined that Hager received 150 votes and Carter received 149. The election judge filed an official return of the election certifying such vote count. The official election returns were canvassed on the evening of April 5, 1976, by the Keller City Council and that same evening the Council made its official declaration of the election results declaring Hager elected as Councilman, Place 2.

On April 8, 1976, Mayor Richardson of the City of Keller received the following letter dated April 6, 1976, addressed to the mayor and members of the city council and signed by D. E. Carter, to-wit:

"In view of the alleged and possible discrepancies in the election for City Councilmen conducted in Keller, Texas, Tarrant County, April 3, 1976, the following action is hereby taken.

"In accordance with Vernon's Texas Statute, Revised Civil Statutes, I, Delmer E. Carter, whose domicile is located at 800 Elaine Street, Keller, Texas, Tarrant County, and who was a candidate for City Councilman Place # 2 in said election, do hereby request and demand a recount and certification of all ballots, balloted in this said election.

"The time and date of said recount to be set by the City Council, and the writer is to be notified of such time and date in sufficient time for assurance of his attendance at said meeting."

A recount was ordered April 12 and conducted April 16. The recount showed Hager received 150 votes and Carter 149. On the date of the recount the City Council officially declared Hager elected. He immediately took the oath of office and was seated as a re-elected councilman. On May 14, 1976, the twenty-eighth day after the Carter requested recount, Carter instituted an election contest in a District Court of Tarrant County. Contestee Hager moved to abate the suit on the ground that Carter's notice and statement of contest were not delivered to him, Hager, within thirty days after the election return day as required by Tex.Election Code Ann. art. 9.03.

The Election Code provision last mentioned (Article 9.03) provides that any person intending to contest the election of a person holding a certificate of election, shall within thirty days after the return day of the election, give the certified person a notice thereof in writing and deliver to such person, or the person's agent or attorney, a

statement of the grounds upon which the contestant relies to sustain the contest. "Return day" is defined in the article to mean "the day on which the votes cast in said election are counted and the official result thereof declared." It is obvious that if the result declared April 6 was the legal return day the election contest suit should have been abated as the suit was filed more than thirty days after such declared result.

A recount of manually counted ballots, as in this case, is governed by Tex.Election Code Ann. art. 9.38a (Supp.1976–1977). Subdivision 1 thereof sets out the grounds that will authorize a recount and contemplates that an application for recount will state the ground or grounds relied upon.

In addition to the contents and allegations of an application required by the provisions of Subdivision 1, the provisions of Subdivision 2 require that the candidate making the request file a written signed application with the presiding officer of the body which canvasses the returns, designated the canvassing board for the purpose of the statute, not later than the second day after the official declaration of the result of the election is made, subject to a proviso not here material. Subdivision 2(a). The application must show (a) the name and address of each opposing candidate and (b) the name and address of the presiding judge of each election precinct for which recount is requested. And on the same day that application to recount is delivered or mailed to the presiding officer of the canvassing board the applicant must deliver in person, or mail by certified or registered mail with return receipt requested, a copy of the application and any supporting papers to each candidate that opposed him in the election. Subdivision 2(b). There must also be deposited with the presiding officer of the canvassing board a deposit, in the form prescribed, in the amount of $10.00 for each election precinct in which it is requested that a recount be made or in the amount of $50.00, whichever amount is the greater. If the application is filed under the first ground for recount stated in Subdivision 1(a)(1), the deposit must accompany the application; if grounded on Subdivision 1(a)(2), the deposit must be made within three days after the date the Secretary of State makes the certification therein set out. Subdivision 5.

■ Subdivision 7 explicitly provides that a canvassing board will not conduct a recount until "a candidate has complied with all conditions for obtaining a recount . . . ." In addition, the several steps and procedures specified for obtaining a recount are stated in mandatory language. By reference to an early paragraph it may be seen that Carter's application does not contain the name and address of opposing candidates or of the election judge, and review of the record does not disclose that on the same day the application for recount was filed that Carter mailed or delivered a copy of the application to each candidate that opposed him in the election. It is not necessary to further analyze Carter's application for defects as it is apparent that it does not even substantially comply with several of the noticed requirements of Article 9.38a.

■ The canvassing board created by Article 9.38a, the Keller City Council in this instance, is a wholly statutory administrative agency. The article does not purport to confer or grant unlimited power or jurisdiction to the canvassing board to recount paper ballots in a public election. Jurisdiction for such purpose must be invoked by compliance with and in the manner directed by the empowering statute. A general statement of the applicable rule is found in 1 Tex.Jur.2d, Administrative Law, Sec. 19, where it is said:

"Proceedings before an administrative agency are wholly statutory, and a person who seeks to avail himself thereof must comply with the statutory provisions. These provisions are mandatory and exclusive, and conformity thereto in each and every particular is essential to the exercise of jurisdiction by the agency."

Carter's application is clearly defective in the particulars heretofore pointed out and therefore fails to meet statutory requirements. The courts of this State on numer-

ous occasions have held that defective applications will not invoke or confer jurisdiction upon administrative agencies and that orders of an administrative agency pursuant to a defective application are void. *Mesquite Independent School Dist. v. Gross,* 123 Tex. 49, 67 S.W.2d 242 (1934); *State Line Consol. School Dist. v. Farwell Ind. School Dist.,* 48 S.W.2d 616 (Tex.Comm.App.1932, holding approved); *Grand Lodge, Etc., Sons of Hermann v. Curry,* 108 S.W.2d 574 (Tex. Civ.App. San Antonio 1937, writ ref'd).

Even if Hager participated, this is disputed to some extent, in Council action which ordered a recount, his presence or vote therefor at a council meeting and his failure to voice objection did not give legality to a void council transaction. Neither Hager nor the Council had the right or authority to grant a recount on the basis of a defective application or waive defects therein. The recount order of April 12 was that of the Council and exceeded its powers. Intentional waiver of a known personal right by Hager is not shown. See *Wheeler v. Coleman,* 176 Mich. 285, 142 N.W. 570 (1913); *State v. Reeves,* 229 Ind. 164, 96 N.E.2d 268 (1951); 29 C.J.S. Elections § 291b, p. 771.

The recount order of April 12 was void. It follows that the recount of April 16 and the canvass and declaration of result on that day were void. Return day for the purposes of the contest suit was April 6, 1976. The election contest suit was tardily filed and should have been abated. Appellant's Points of Error 1 and 2 are sustained. The judgment of the trial court is reversed and judgment rendered abating Carter's suit.