Bea STRINGER; Stephen Royse; and Troy Neighborhood Association, Appellants,

v.

REALTY UNLIMITED, INC.; and Versailles–Midway–Woodford County Planning and Zoning Commission, Appellees.

No. 2000–SC–1055–DG.

Supreme Court of Kentucky.

Sept. 26, 2002.

As Modified on Denial of Rehearing Feb. 20, 2003.

W. Henry Graddy, W.H. Graddy & Associates, Midway, for appellants.

Richard V. Murphy, Lexington, for appellee Realty Unlimited, Inc.

Timothy C. Butler, Bardstown, for appellee Versailles–Midway–Woodford County Planning and Zoning Commission.

COOPER, Justice.

Appellee Realty Unlimited, Inc., desires to subdivide a 3.5 acre tract of land in Woodford County, Kentucky, into six single-family residential lots, each to contain slightly over one-half acre. Realty Unlimited submitted a preliminary plat and an application for approval of the subdivision to the Versailles–Midway–Woodford County Planning and Zoning Commission. Section 503.4F of the Woodford County Zoning Ordinance provides, *inter alia,* as follows:

> Wherever water or sewer mains are accessible ... buildings and mobile homes shall be connected to such mains. In every other case, individual water supply and sewage disposal must meet the requirements set by the County Health Officer.

> In addition to the County Health Officer's requirements, the following shall apply:

> ...

> F. No Subdivisions Involving Three Lots or More will be on Septic Tanks: In keeping with the intent of this section, more than three lots *draining into the same general area* utilizing septic tank disposal *may not* be permitted. The Planning Commission shall determine what constitutes "the general area" based upon the soils, the topography, slope and drainage. (Emphasis added.)[1]

Since sewer mains are not accessible to the proposed subdivision, each lot would use a septic system for sewage disposal.

Having determined that septic discharge from all six lots would drain into the same general area, the Commission concluded that section 503.4F permits only three residential units in the proposed subdivision and disapproved the application. Realty Unlimited filed suit against the Commission in the Woodford Circuit Court asserting that (1) regulation of sewage disposal is solely within the province of state government and (2) section 503.4F violates Section 2 of the Constitution of Kentucky by authorizing the Commission to exercise discretionary authority whereas approval of a subdivision plat is a ministerial act. *Snyder v. Owensboro,* Ky., 528 S.W.2d 663, 664 (1975). Appellants Stringer, Royse and Troy Neighborhood Association intervened as parties defendant. CR 24.01.

The Woodford Circuit Court rejected both of Appellee's arguments and affirmed the Commission's disapproval of the preliminary plat. The Court of Appeals held with respect to the preemption issue that KRS 67.083(3)(r) and (6)(b) authorize county governments to enact ordinances that impose sewage disposal restrictions more stringent than those imposed by state regulation. However, with respect to the constitutional issue, the Court of Appeals held that use of the word "may" in section 503.4F gave the Commission discretionary power with respect to approval or disapproval of subdivision plats, thus rendering the provision unconstitutional under Section 2 of our Constitution, citing *Colyer v. City of Somerset,* 306 Ky. 797, 208 S.W.2d 976, 977 (1947) ("[A]n ordinance which lays down no requirements to be followed and no general and uniform rule is invalid be-

---

1. We note that section 503.4F was amended in November of 2000. It currently provides: Any applicant for a subdivision utilizing on-site sewage disposal systems shall obtain certification from the Woodford County Health Department that a site evaluation for each lot has been completed in accordance with Kentucky Onsite Sewage Disposal Systems regulations and that the lot can support a sewage disposal system that can be installed and used safely and efficiently for wastewater treatment. **(Amended November 2000)**

cause it leaves the granting of such a thing as a building permit to the sometimes arbitrary discretion of municipal authorities."). We granted discretionary review and now reverse.

■ We have no quarrel with the Court of Appeals' conclusion that " 'may' ... ordinarily imports permission or liberty to act." *Ocean Accident & Guar. Corp. v. Milford Bank*, 236 Ky. 457, 33 S.W.2d 312, 313 (1930).

> But where other words are used in connection with "shall," "must," "may" or "might," which clearly indicate mandatory or directory construction, as the case may be, we have never ignored the force of the descriptive or qualifying language.

*Clark v. Riehl*, 313 Ky. 142, 230 S.W.2d 626, 627 (1950). In fact, KRS 446.010, which provides in subsection (20) that "[m]ay is permissive," contains the preceding disclaimer "unless the context requires otherwise." Section 503.4F does not say simply "may," but "may not." Courts that have construed legislative use of the phrase "may not" have consistently held that the phrase is mandatory and not permissive or discretionary. *De Haviland v. Warner Bros. Pictures, Inc.*, 67 Cal.App.2d 225, 153 P.2d 983, 986 (1944) (the words "may not" are mandatory); *Ryan v. Montgomery*, 396 Mich. 213, 240 N.W.2d 236, 238 (1976) ("may not be recounted" means "shall not be recounted"); *In re Denial of Application for Issuance of One Original (New) On–Premises Consumption Beer/ Wine License*, 267 Mont.298, 883 P.2d 833, 836 (1994) (the phrase "may not consider" precludes consideration); *Hodges v. Thompson*, 932 S.W.2d 717, 720 (Tex.App. 1996) (" 'may not' means 'shall not' and is therefore mandatory."). And in holding that " 'may not' is clearly not permissive in nature," a panel of the Court of Appeals of Washington cogently noted that "[h]ad the Legislature intended such, it could have

simply omitted the word 'not.' " *State v. Gettman*, 56 Wash.App. 51, 782 P.2d 216, 218 (1989). We agree. The phrase "may not be permitted" in section 503.4F of the Woodford County Zoning Ordinance affords the Commission no discretion to permit more than three lots with septic tanks draining into the same general area. Thus, use of the word "may" in that context does not implicate Section 2 of our Constitution.

■ Nor do we agree that the phrase, "draining into the same general area," in section 503.4F invites arbitrariness by failing to provide sufficiently specific standards on which to base a decision. *Snyder, supra*, at 664. In fact, the last sentence of section 503.4F specifies that the Commission "shall determine what constitutes 'the general area' based upon the soils, the topography, slope and drainage." We deem those standards sufficient to withstand Section 2 analysis.

■ Appellee continues to argue here that fiscal courts have no authority to enact ordinances regulating sewage disposal. The Court of Appeals disagreed and no cross motion for discretionary review was filed. Further review of this issue is, therefore, precluded. CR 76.21; *Commonwealth Department of Highways v. Taub*, Ky., 766 S.W.2d 49, 51–52 (1988).

Accordingly, the decision of the Court of Appeals is reversed and the order and judgment of the Woodford Circuit Court is reinstated.

All concur.