[No. 38029.   Department One.   July 8, 1965.]

THE STATE OF WASHINGTON, *Appellant*, v. JAMES O. PERRY, *Respondent.**

*Charles O. Carroll, James E. Kennedy,* and *Russell R. Pearson,* for appellant.

PER CURIAM.—This is an appeal from an order of the Superior Court for King County dismissing a filiation proceeding brought by the state against the defendant (respondent), James O. Perry. A complaint, filed in the Seattle District Justice Court on June 9, 1961, alleged that the defendant was the father of a male child born to the complaining witness on February 28, 1960. A warrant was issued forthwith for the arrest of the defendant, but he was not apprehended until November 19, 1963. A justice court hearing was held on December 6, 1963, and the case was bound over to the superior court on December 20, 1963. The justice court transcript was filed in the superior court on February 26, 1964.

On the day of the trial, September 22, 1964, the superior court judge interrupted the first state witness and stated that he had examined the superior court file and found that it contained a carbon copy of the complaint, rather

*Reported in 404 P.2d 17.

than the original, and that the carbon copy was not signed, verified, or date-stamped. The defendant's counsel thereupon made a motion for dismissal of the action on the ground that the action had not been commenced within two years after the birth of the child. RCW 26.24.160. The defendant's motion was granted by the trial court.

Prior to the entry of a written order on the court's ruling, the state filed a motion for reconsideration on October 23, 1964. In support of its motion the state disclosed (1) that a notation on the transcript of the justice court docket, which had been overlooked by all concerned on the day of the trial, stated: "June 9, 1961, Complaint filed in writing, sworn to by Sandra Maas, Prosecuting Witness"; (2) that through oversight the justice court clerk's office had failed to include the original complaint, signed, verified and dated, in the transcript forwarded to the superior court, but that such original complaint, charging the defendant as appeared on the carbon copy in the original justice court transcript, now was in the superior court file. The state's motion for reconsideration was denied and a written order of dismissal was entered. The state appeals.

The state contends that the trial court erred in granting the defendant's motion for dismissal and in failing to grant the state's motion for reconsideration.

■ We need not reach the state's motion for reconsideration, in view of the affirmative showing in the transcript of the justice court docket that a complaint had been filed on June 9, 1961, against the defendant, sworn to by the complaining witness, charging the defendant with filiation. The record was sufficient notice that the complaint in question had been filed on the date noted and, in the absence of evidence to the contrary, was conclusive. See *Schultz v. Anderson*, 191 Wash. 326, 71 P.2d 365 (1937). The action was timely commenced, as appeared on the face of the record, and the trial court thereby exceeded its jurisdiction by terminating the trial in granting the defendant's motion.

The order of dismissal is reversed, and the cause is remanded for trial.