[No. 38614.   Department One.   July 28, 1966.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHIEL KLINE, *Appellant.*\*

*Casey & Pruzan,* by *John F. Kovarik,* for appellant.

*Charles O. Carroll, James E. Kennedy,* and *John M. Watson,* for respondent.

RUMMEL, J.†—This is an appeal by the defendant in a filiation proceeding. The only question presented is whether the prosecution was commenced within the time limit fixed by RCW 26.24.160, which provides as follows:

> No *prosecution* under this chapter shall be brought after two years from the birth of the child: *Provided,* The time during which any person accused shall be absent from the state shall not be computed.   (Italics ours.)

The child was born on April 27, 1963. The complaint was filed and a warrant was issued on August 11, 1964, but service of the warrant and the arrest of the defendant were not accomplished until May 11, 1965, 2 weeks more than 2 years after the birth of the child.

The facts are stipulated. Nothing appears in the record indicating the reason for the delay, except that the defendant was not at his usual address, although he was within the state.

\*Reported in 417 P.2d 348.

†Judge Rummel is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

It is asserted by the defendant that filiation proceedings are civil in nature and therefore are governed by RCW 4.28.010 which is as follows:

Civil actions in the several superior courts of this state shall be commenced by the service of a summons, as here-inafter provided, or by filing a complaint with the county clerk as clerk of the court: *Provided,* That unless service has been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint.

The defendant contends that the action, being civil, is not commenced with the filing of the complaint but only when such filing is followed by service of the warrant. The state's position is that filiation proceedings are governed by the procedure applicable to criminal cases and the action was commenced by the filing of the complaint. RCW 10.16.010. An additional argument asserted by the state is that since a filiation proceeding is initiated in justice court, the rules for courts of limited jurisdiction determine what constitutes the commencement of the action.

In *State v. Perry,* 66 Wn.2d 596, 404 P.2d 17 (1965), this court had before it a filiation proceeding in which the warrant was not served until more than 2 years had elapsed after the birth of the child. However, the question considered by the court there was whether a complaint had been filed within the 2-year period. The fact that the warrant was not served until more than 2 years had elapsed was not raised as an objection to the proceeding. The decision is therefore not pertinent to the problem now before this court.

In view of our conclusion reached as to the problem now before the court, it would seem unnecessary to decide whether filiation proceedings are civil, as contended by the appellant, or are criminal in nature, as argued by the state. It is true that in *State v. Tieman,* 32 Wash. 294, 73 Pac. 375 (1903), a bastardy proceeding was held to be clearly civil. This case was decided under an 1881 act which provided procedure consisting of a complaint to be filed in superior court,

a summons served in the usual manner, and a trial as in civil actions. If found guilty, a judgment was to be entered which could be enforced by an execution against the property of the defendant.

Citing this case and stating it to be the weight of authority, the court, in *State v. Taylor*, 39 Wn.2d 751, 238 P.2d 1189 (1951), again held filiation proceedings to be civil. The court made no comment on the fact that the proceedings were then brought under the provisions of Laws of 1919, chapter 203 (codified as RCW chapter 26.24, the present statute). Under this latter statute, the procedure is no longer clearly civil in nature, but almost entirely follows that of a criminal action. Upon a complaint being filed in a court of a justice of the peace, a warrant is issued, the defendant is arrested and brought before the court and may be required to give bond to assure his appearance at a hearing, and, in default thereof, may be committed to the county jail. If the justice of the peace determines that sufficient cause appears, he binds the defendant over to the superior court. Again, a bond may be required of the defendant, or upon failure to give such bond, the defendant may be committed to jail to await his trial in superior court.

The civil rules of procedure would govern in the trial in superior court in connection with such matters as the calling of the defendant as an adverse witness, the burden of proof by a preponderance of the evidence, and a verdict of a jury determined by the concurrence of 10 jurors rather than 12. The object of the proceedings is to assure support of the child and not the punishment of the defendant, an indication of a civil proceeding. An examination of the annotation in 155 A.L.R. 27, and subsequent cases cited as in point, indicates that filiation cases have been treated as criminal, quasi-criminal, and civil; probably with the weight of authority favoring the opinion they are civil.

A section of the filiation statute provides as follows:

> Such proceeding shall be entitled in the name of the state of Washington, and shall be *prosecuted in both justice court and the superior court* by the prosecuting attorney of the county where brought, and shall not be

dismissed except by such prosecuting attorney upon a showing to the court that the provisions herein contemplated to be made for the maintenance, care, education and support of the child have been made. (Italics ours.) RCW 26.24.030.

This section of the statute emphasizes that the proceedings are not only commenced in a court of a justice of the peace, but part of the prosecuting procedure takes place there.

The following rule for courts of limited jurisdiction in a civil action was adopted by the Supreme Court and became effective July 1, 1963:

A civil action is commenced by filing with the court a complaint signed as required by rule 11. JCR 3

On the same date, the comparable rule in criminal actions became effective. The pertinent part states:

All criminal proceedings, except traffic and public intoxication cases, shall be initiated by a complaint as described below. JCrim.R 2.01

Rule J 2 of the General Rules for Courts of Limited Jurisdiction provides in part that:

These rules shall govern the procedure of civil, criminal, and traffic cases in all courts of limited jurisdiction inferior to the superior court.

We hold that the commencement of filiation proceedings, being in justice court, is governed by the rules for courts of limited jurisdiction. In view of these rules and regardless of the civil or criminal nature of a filiation proceeding, the prosecution was commenced by the filing of the complaint and was therefore brought within 2 years of the birth of the child.

The judgment is affirmed.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.