[No. 2178-1.   Division One.   October 29, 1973.]

THE STATE OF WASHINGTON, on the Relation of Norman L. Rupert, Appellant, v. BILL LEWIS, Judge of the Seattle District Court, Respondent.

*Reaugh, Hart, Allison, Prescott & Davis, Robert B. Allison* and *Keith R. Baldwin,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Roger A. Mykelbust, Deputy,* for respondent.

SWANSON, C.J.—Did Seattle District Justice Court Judge Bill Lewis have good cause, pursuant to JCrR 3.08, to continue Norman L. Rupert's driving while under the influence of intoxicants trial for more than 60 days? That is the basic question presented by this appeal from a superior court order denying Rupert's petition for a writ of prohibition and remanding the case to justice court for trial. *See* JTR 3.03.

The undisputed facts are as follows: On December 8, 1972, appellant Rupert was cited by a Washington State Patrol officer on the primary charge of driving while under the influence of intoxicants. The matter was set for trial on February 6, 1973, in the Seattle District Justice Court, at which time the deputy prosecutor advised the court that the state's witnesses were not available to testify. The appellant and the witnesses who were to testify on his behalf, all Canadian residents, had traveled from Vancouver, British, Columbia, on that day and were ready and able to go to trial. The appellant moved for dismissal of all charges against him, but the respondent district justice court judge, acting on his own motion and over appellant's objection, ordered the driving while under the influence of intoxicants charge continued to a new trial date. Subsequently, the clerk of the district justice court set the matter to be heard on February 27, 1973, a date beyond the 60-day period provided for in JCrR 3.08.

Appellant petitioned the King County Superior Court for a writ of prohibition to prevent the district justice court from conducting any trial of appellant on the primary ground that the district justice court judge had exceeded his jurisdiction in ordering the continuance. Appellant's petition for a writ of prohibition was denied and this appeal followed.

█ Both parties agree that the resolution of this appeal turns upon the question of whether the Seattle District Justice Court judge had good cause to order a continuance within the meaning of JCrR 3.08, which provides:

Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and sufficient reason. In either case, the continuance or postponement must be to a date certain. If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such

circumstances shall be a bar to further prosecution for the offense charged.

Moreover, there is no dispute as to the correctness of the proposition advanced by appellant to the effect that if the respondent district justice court judge lacked such good cause, the trial court erred in denying the writ of prohibition because (1) the district court judge acted in excess of his jurisdiction in granting the continuance, contrary to JCrR 3.08, and (2) appellant has no adequate remedy at law. *See* RCW 7.16.290; RCW 7.16.300; *Adams v. Allstate Ins. Co.*, 56 Wn.2d 834, 355 P.2d 838 (1960); *Mattson v. Kline*, 47 Wn.2d 538, 288 P.2d 483 (1955); *State v. Harris*, 2 Wn. App. 272, 469 P.2d 937 (1970).[1] Accordingly, we need only resolve the question of whether the record demonstrates good cause for the district justice court to grant the continuance in question and thus supports the trial court's denial of appellant's petition for a writ of prohibition.

■ In considering this question, our review is limited to a consideration of the record which was presented to the trial court. In this connection, we are aided by the stipulation of the parties that the transcript on appeal shall constitute the statement of facts, and there is nothing in the record to indicate that the trial court considered anything other than the information contained in the transcript in determining that the petition for the writ should be denied. The transcript consists primarily of appellant's petition for a writ of prohibition and a supporting affidavit by petitioner's counsel. The petition and affidavit are not controverted by the respondent, and, accordingly, the writ of prohibition must issue if the facts set forth in appellant's application are sufficient to authorize it. *See State ex rel. Adams v. Superior Court*, 36 Wn.2d 868, 220 P.2d 1081 (1950).

The affidavit of appellant's counsel in support of the peti-

---

[1] *State v. Harris, supra,* was reversed on other grounds by the Supreme Court, 78 Wn.2d 894, 480 P.2d 484 (1971), but subsequently the Court of Appeals decision was reinstated by the United States Supreme Court, 404 U.S. 55, 30 L. Ed. 2d 212, 92 S. Ct. 183 (1971).

tion for writ of prohibition states, in relevant part, as follows:

3. That said cause was originally set for trial on February 6, 1973, within a period of sixty days from the date of the issuance of said Uniform Complaint and Citation. The matter was set for trial before the Honorable Bill Lewis, District Court Judge for the Seattle District Court. At the time the case was called for trial, the prosecuting attorney of King County, Washington, Christopher T. Bayley, by and through his duly authorized deputy prosecutor, Rodney McAulay, stated to the Honorable Bill Lewis, judge of said court, that the witnesses for the state were not available to testify at that time and place. Defendant, then and there through his attorney of record, the undersigned, moved for dismissal of the charges against the defendant Norman L. Rupert. The defendant was ready and able to go to trial on that date, and the defendant and the witnesses in court who were there to testify in his behalf had traveled from Vancouver, British Columbia, Canada to Seattle on that day for the hearing in question.

4. The respondent Judge, even though said motion for dismissal of all charges against the defendant were not resisted by the prosecuting attorney, refused and failed to dismiss the charge of driving while under the influence of intoxicants. Defendant's attorney advised the court that such continuance was opposed, but the court nonetheless ordered the clerk of his court to set a new trial date, and that subsequently the clerk of the Seattle District Court has advised the affiant that the case will be brought on for trial before the respondent Judge on February 27, 1973.

There is nothing else in the transcript to describe what took place in the Seattle District Justice Court. More specifically, the record is silent as to what the respondent judge considered to be good cause to order the continuance.

█ We cannot speculate as to the existence of good cause for the continuance not reflected in the record. We are convinced, however, that the mere unavailability of the state's witnesses, in the absence of any evidence of a justifiable reason for such absence, cannot be deemed good cause within the meaning of JCrR 3.08. In this regard, we note

that there was no request from the prosecution for the continuance which was ordered. The respondent judge acted sua sponte. Given the record presented, we conclude that the district justice court judge lacked good cause to order the continuance in question and so acted in excess of his jurisdiction under JCrR 3.08. Under such conditions, the superior court properly should have granted appellant's petition for a writ of prohibition. *See State v. Harris, supra.*

In view of our disposition of this case in light of JCrR 3.08, we need not decide the question of whether appellant is correct in his contention that approval of the continuance in this case would necessarily deny him his constitutional right to a speedy trial.

The judgment is reversed and remanded with the direction that the superior court enter the writ of prohibition sought by the appellant.

FARRIS and JAMES, JJ., concur.