[No. 46143.   En Banc.   January 31, 1980.]

THE STATE OF WASHINGTON, *on the Relation of James F. Nugent, Jr., Petitioner,* v. BILL LEWIS, *Respondent.*

*Treece, Richdale & Malone* and *Thomas W. Malone,* for petitioner.

*Christopher T. Bayley, Prosecuting Attorney,* and *Frederick L. Yeatts, Deputy,* for respondent.

DOLLIVER, J.—The facts in this case as recounted by the Court of Appeals are as follows:

> James F. Nugent was arrested in King County on October 12, 1976, and charged with driving a motor vehicle while under the influence of intoxicating liquor. On November 17, 1976, the trial date, Nugent appeared and requested a continuance to retain counsel. On November 19, 1976, Nugent's counsel filed a formal notice of appearance and document entitled "Request for Bill of Particulars Pursuant to JCrR 2.04(b)." Trial was continued to February 1, 1977. On that day, the arresting officer, who had been subpoenaed, failed to appear. After an unsuccessful attempt to reach him, the State moved for a continuance. The motion was granted and the case was continued until the next day. Nugent then moved to dismiss the charges because (1) the trooper was not present, and (2) his request for a bill of particulars had not been answered. The motion to dismiss was denied; whereupon Nugent filed a writ of prohibition in Superior Court, which was denied on February 23, 1977.

*State ex rel. Nugent v. Lewis,* 21 Wn. App. 779, 780, 586 P.2d 500 (1978).

The Court of Appeals affirmed the trial court and we accepted review on the issue of the appropriate remedy for failure to comply with a request for a bill of particulars brought in district court.

■■■ Prior to reaching that question, we must determine if petitioner was entitled as a matter of right to a bill of particulars. This case is governed by the criminal rules pertaining to courts of limited jurisdiction. *State v. Kline,* 69 Wn.2d 107, 417 P.2d 348 (1966). JCrR 2.04(b) states, in part:

Any defendant upon request *shall* be entitled as a matter of right to a bill of particulars.

(Italics ours.) As a general rule, the use of the word "shall" in a statute is imperative and operates to create a duty (*State v. McDonald,* 89 Wn.2d 256, 571 P.2d 930 (1977); *State Liquor Control Bd. v. State Personnel Bd.,* 88 Wn.2d 368, 561 P.2d 195 (1977); *Spokane County ex rel. Sullivan v. Glover,* 2 Wn.2d 162, 97 P.2d 628 (1940); *State v. Dolman,* 22 Wn. App. 917, 594 P.2d 450 (1979)), and should be given its usual and ordinary meaning unless a contrary intent appears. *See Strenge v. Clarke,* 89 Wn.2d 23, 569 P.2d 60 (1977). While the word "shall" may be directory rather than mandatory, depending upon legislative intent, in this instance, both from the language and the purpose of JCrR 2.04(b), "shall" appears to be mandatory and we so hold it to be.

The Court of Appeals relied on two cases reviewing denial of a request for a bill of particulars in superior court, *State v. Devine,* 84 Wn.2d 467, 527 P.2d 72 (1974), and *State v. Mesaros,* 62 Wn.2d 579, 384 P.2d 372 (1963), which held that the furnishing of a bill of particulars is a matter within the discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. This is the superior court rule (CrR 2.1(e)), but it is not the rule in justice court. JCrR 2.04(b).

While petitioner was entitled to a bill of particulars, the failure of the prosecuting attorney to comply does not alone entitle petitioner to either a dismissal or a suppression of evidence. The record shows Judge Lewis granted a continuance of 24 hours and during that time the information requested in the bill of particulars was given to petitioner.

Continuances may be granted to either party for good cause shown and the court on its own motion may postpone the trial for good and sufficient reason. JCrR 3.08. Under the circumstances, the district court acted within its discretion in granting the continuances. In view of our holding that discretion was properly exercised, we need not reach the question of whether the bill of particulars was as the district court found "an elaborate request for discovery".

Nevertheless, petitioner is entitled to a dismissal. Although we granted review under RAP 13.7(c) on only one of four issues raised and briefed by the parties, in order to decide the case on the merits it is necessary to consider another issue. The parties will not be prejudiced as the issue was thoroughly discussed on the record and in the briefs. RAP 1.2(a) states that the rules will be liberally interpreted to promote justice and facilitate the decision of the case on the merits. *See Millikan v. Board of Directors,* 92 Wn.2d 213, 595 P.2d 533 (1979).

The writ of prohibition requested by petitioner was on its face based on the abuse of discretion of the district court in failing to grant the motion to dismiss upon the failure of the chief witness for the prosecution to appear. This situation was ruled on in *State ex rel. Rupert v. Lewis,* 9 Wn. App. 839, 842, 515 P.2d 548 (1973). As was stated in that case which involved the same district court judge:

> We are convinced . . . that the mere unavailability of the state's witnesses, in the absence of any evidence of a justifiable reason for such absence, cannot be deemed good cause within the meaning of JCrR 3.08.

The reliance by the Court of Appeals on *State ex rel. Rushmore v. Bellevue Dist. Justice Ct.,* 15 Wn. App. 675, 552 P.2d 693 (1976), is misplaced. *Rushmore* did not involve the unexcused absence of the arresting officer, but rather a continuance granted by the trial court to accommodate the prosecution whose chief witness was on vacation. Rushmore had ample notice of the continuance and,

finding trial calendar control and management necessarily required judicial discretion, no abuse was found.

The unexcused absence of a subpoenaed witness at the time of trial is not good cause for a continuance under JCrR 3.08. The writ of prohibition is granted and the action is dismissed.

UTTER, C.J., ROSELLINI, WRIGHT, BRACHTENBACH, HORO-WITZ, HICKS, and WILLIAMS, JJ., and RYAN, J. Pro Tem., concur.

Reconsideration denied April 15, 1980.