[Nos. 10686–4–I; 10687–2–I.   Division One.   December 30, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY MICHAEL NITSCHKE, *Appellant.*

*Nancy Talner* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David H. Smith, Deputy,* for respondent.

SWANSON, J.—In this consolidated appeal defendant Gary Michael Nitschke seeks review of disposition orders entered in juvenile court based upon findings that he was guilty of second degree burglary and first degree criminal trespass.

On April 2, 1981, the date set for the factfinding hearing concerning the charge of burglary, Nitschke appeared with his attorney and the prosecutor appeared with the two arresting officers and two of the witnesses. The State requested a continuance because its primary witness, Nitschke's coparticipant, failed to appear. The State had mailed a subpoena to the witness' last known address; however, the State had attempted to contact the witness

through his mother, his girlfriend, his attorney, and his probation officer. It was not until March 31, 1981, that the witness was finally located and contacted by telephone and his agreement to appear obtained. The trial court granted the motion and the case was continued to April 17, 1982, for disposition. Nitschke was found guilty of second degree burglary.

In a second case Nitschke was also charged with second degree burglary. Prior to trial Nitschke's counsel moved to dismiss, alleging unreasonable delay under King County Local Juvenile Court Rule (LJuCR) 7.14(b). This motion was denied and a factfinding hearing was set for June 11, 1981. On the date of the hearing, however, the State moved to continue the hearing until June 15, 1981. The State had mailed a subpoena to Nitschke's coparticipant at his parents' address. The witness' mother contacted his attorney who thereafter informed the State that the witness was in Oregon. After the State granted the witness full immunity, he agreed to appear on June 15, 1981. The trial court granted the State's motion for continuance. Following the factfinding, Nitschke was found guilty of first degree criminal trespass.

Nitschke first contends that in both cases the trial court erred in granting the State's continuance under JuCR 7.8(d). We disagree.

■ We initially note that Nitschke does not contend that the continuances resulted in the trial being held beyond the time limits proscribed under JuCR 7.8, the juvenile court's speedy trial rule. Further, the record affirmatively shows that the continuances did not result in the adjudicatory hearings being held beyond the mandatory 60–day period.

"The granting . . . of a continuance rests in the sound discretion of the trial judge. It is reviewable only if there has been a manifest abuse of discretion." *State v. Henderson,* 26 Wn. App. 187, 190, 611 P.2d 1365 (1980). The record here does not support Nitschke's contention that the trial court abused its discretion.

In both cases the State exercised reasonable diligence in attempting to obtain the witness' attendance for trial. In the first case the State had mailed a subpoena to the witness' last address, had talked to him on the phone, had contacted the witness' mother, his girlfriend's mother, his attorney, his probation officer, and the witness by telephone and he agreed to appear. In the second case the State had also attempted to subpoena the witness; however, he was out of state and agreed to appear only after being granted full immunity.

In addition to the State's exercise of due diligence, the record does not demonstrate that Nitschke was actually prejudiced by the short continuances and in both cases the trial was held within the mandatory speedy trial period.

Nitschke relies upon *State ex rel. Nugent v. Lewis,* 93 Wn.2d 80, 605 P.2d 1265 (1980) where the court held that a 1–day continuance under JCrR 3.08 because of the unexcused absence of the arresting officer was an abuse of discretion. We find *Lewis* to be distinguishable. Initially, the witness in *Lewis* was the arresting officer who was under the control of the State. Here both witnesses were coparticipants and were not under the control of the State. Further, *Lewis* involved JCrR 3.08 not the juvenile court speedy trial rule which is more analogous to CrR 3.3. Finally, we note that *Lewis* relies upon *State ex rel. Rupert v. Lewis,* 9 Wn. App. 839, 515 P.2d 548 (1973), which held that a continuance under JCrR 3.08 without a showing of good cause that resulted in the trial being held beyond the 60–day rule was error. Here neither of Nitschke's adjudicatory hearings were held beyond the mandatory 60–day limit. Under these circumstances we hold that the trial court did not abuse its discretion in granting the continuances.

■ Nitschke also contends that the trial court erred in denying his motion to dismiss which was made under LJuCR 7.14(b) which provides in part:

The court may dismiss an information if it is established that there has been an unreasonable delay in referral of an offense to the court. For purposes of this

rule, a delay of more than two weeks from the date of the completion of the police investigation of the offense to the time of receipt of the referral by the prosecutor shall be deemed prima facie evidence of an unreasonable delay.

Nitschke contends that the case should have been dismissed under this rule because of a 48-day delay between the receipt of the police report by the prosecutor and the filing of the information. We disagree. The rule speaks in terms of unreasonable delay. Unlike JuCR 7.8(f) of the juvenile speedy trial rule, LJuCR 7.14(b) does not provide that the case shall be dismissed without a showing of prejudice. Nitschke was given the opportunity here to demonstrate that he was prejudiced by the delay and the trial court expressly found no prejudice. The trial court did not abuse its discretion in denying Nitschke's motion to dismiss.

Affirmed.

ANDERSEN, C.J., and CORBETT, J., concur.