[No. 5875-1-III.   Division Three.   December 18, 1984.]

HARRY ISSEL, *Appellant,* v. THE STATE OF
WASHINGTON, *Respondent.*

*Dustin D. Deissner,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Owen F.
Clarke, Jr., Senior Assistant,* for respondent.

THOMPSON, J.—Harry "Barney" Issel appeals the sum-
mary judgment dismissal of his complaint seeking attorney
fees incurred defending criminal charges which were later

dismissed.

In 1980, Barney Issel, chief of campus security at Eastern Washington University, had established a practice of donating lost, abandoned or unclaimed property from the campus "lost and found" department to Goodwill Industries. For his efforts, Mr. Issel was charged with official misconduct under RCW 9A.80.010 and willful neglect of duty under RCW 42.20.100. The basis for the charges was Mr. Issel's alleged violation of RCW 63.40, which sets forth procedures county sheriffs must follow in disposing of unclaimed property.

Prior to trial in 1981, Mr. Issel's attorney contacted the State Attorney General's office and requested that the Attorney General, pursuant to RCW 10.01.150, either defend or reimburse him for a defense against criminal charges arising from official acts of state employees. The Attorney General declined to do so, citing lack of constitutionality and conformity with any EWU written policies. On May 11, 1981, the trial court dismissed the charges based on (1) the use of the word "may" in RCW 63.40.010 which was interpreted to allow other means of disposal of tangible personal property; and (2) the past practice of the sheriff's office itself in donating property to Goodwill Industries.

On March 11, 1983, Mr. Issel filed a complaint for damages alleging wrongful denial of a defense for the criminal charges under RCW 10.01.150. The State's motion for summary judgment was granted. We affirm.

Mr. Issel first contends EWU lacked discretion to decline to request a defense pursuant to RCW 10.01.150, and that the trial court in effect found his actions to come within the ambit of the statute by dismissing his criminal charges.

RCW 10.01.150 provides in part:

> Whenever a state officer or employee is charged with a criminal offense arising out of the performance of an official act which was fully in conformity with established written rules, policies, and guidelines of the state or state agency, the employing agency may request the attorney

general to defend the officer or employee. If the agency finds, and the attorney general concurs, that the officer's or employee's conduct was fully in accordance with established written rules, policies, and guidelines of the state or a state agency and the act performed was within the scope of employment, then the request shall be granted and the costs of defense shall be paid by the requesting agency: . . .

▪ Statutory terms are to be given their plain and ordinary meaning. *State v. Hentz,* 99 Wn.2d 538, 541, 663 P.2d 476 (1983). Where a provision contains both the words "shall" and "may", it is presumed that the lawmaker intended to distinguish between them, "shall" being construed as mandatory and "may" as permissive or discretionary. *Scannell v. Seattle,* 97 Wn.2d 701, 704, 648 P.2d 435, 656 P.2d 1083 (1982); *State v. Hall,* 35 Wn. App. 302, 306, 666 P.2d 930 (1983).

▪ A reasonable reading of the statute provides the employing agency, presumably EWU, with discretion to determine whether the challenged act, practice or procedure was of sufficient significance to the agency to warrant a defense at state expense. That significance is measured by the requirement that the official act challenged be fully in conformity "with established written rules, policies, and guidelines of the state or a state agency . . ." Although the record contains no allegation that EWU had any knowledge of the request from Mr. Issel's attorney to the State Attorney General, where no request is made, it is reasonable to imply the agency has made a negative determination.

If the discretionary request is made, however, the State Attorney General must concur in order to mandate the defense. The statutory language appears to require the agency itself to make the initial determination and request, but even if the employee alone were permitted under the statute to personally request representation, the grant of the defense is still contingent upon concurrence by the Attorney General.[1]

---

[1] The restriction that the request be made only by the employing agency is

Here, Mr. Issel's direct request was denied by the Attorney General based on the potential unconstitutionality of the disposition and the absence of statutorily required written guidelines legitimizing his actions.

The court, in subsequently dismissing the criminal charges, found the disposition to Goodwill Industries was not necessarily precluded by RCW 63.40. It did not find, however, that the conduct "fully" complied with agency guidelines. Unless that full compliance is present, Mr. Issel's conduct, however legal and well meaning, does not invoke the right to a State–provided defense.

Mr. Issel further contends that the agency's failure to make the initial determination to request a defense denied him procedural due process. We disagree.

Procedural due process applies only to deprivations of liberty or property interests. *Board of Regents v. Roth*, 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972). To rise to the level of a property interest, a legitimate claim of entitlement to a benefit must be invoked. *Mackey v. Graham*, 99 Wn.2d 572, 575, 663 P.2d 490, *cert. denied,* ___ U.S. ___, 78 L. Ed. 2d 231, 104 S. Ct. 241 (1983).

Mr. Issel correctly points out that employees' interests in potential benefits have been recognized as property interests in Washington. *Buffelen Woodworking Co. v. Cook*, 28 Wn. App. 501, 505, 625 P.2d 703, *review denied,* 95 Wn.2d 1020 (1981). However, that case involved the denial of workers' compensation benefits and represents a much more clear invocation of an entitlement based on an employee's statutory abrogation of his common law right to sue his employer in exchange for the exclusive remedy under the workers' compensation act. *Buffelen,* at 505. Here, Mr. Issel's claim is not a supportable entitlement absent satisfaction of the clear language of the statute requiring threshold compliance with existing written guide-

---

presumably intended, however. A similar provision concerning requests for the defense of state officers or employees in *civil* proceedings allows the employee to apply directly to the Attorney General. *See* RCW 4.92.060, .070.

lines.

Even if an entitlement existed, Mr. Issel's claim to a defense would arise only if the agency (EWU) found his actions to be fully in compliance with written guidelines. Although we are assuming the agency did, in fact, make a negative determination, any finding by the agency must be preceded by an application or request for a determination. Here, the record contains no factual indication that EWU even had notice of the request to the Attorney General. Since Mr. Issel was in the best position to seek an agency decision, we fail to see how he was harmed by challenging the determination of the Attorney General, rather than that of his employing agency.

Accordingly, we affirm.

MUNSON, C.J., and MCINTURFF, J., concur.