[No. 9602-5-III.   Division Three.   November 16, 1989.]

THE STATE OF WASHINGTON, ET AL, *Respondents,* v. DANNY L. GETTMAN, *Petitioner.*

---

*Steven Richardson* and *Lacy, Kane & Richardson,* for petitioner.

*Gary A. Riesen, Prosecuting Attorney,* and *John Mc-Kinney, Deputy; Tony Di Tommaso* and *Carlson & Drewelow,* for respondents.

GREEN, J.—Danny L. Gettman was charged by Chelan County with driving while under the influence of alcohol and reckless driving on July 31, 1987. The charges were held in abeyance pursuant to a stipulated stay of proceedings. On November 7, 1987, Mr. Gettman received a second citation for driving while under the influence of alcohol from the City of Wenatchee. On January 12, 1988, he petitioned the Chelan County District Court for deferral of prosecution on all charges pending successful completion of an alcoholism treatment program. The court denied his request, but indicated it would allow deferral of either the city or county charge. The court reasoned it was without authority to grant deferred prosecution on all charges because RCW 10.05.010 provides: "Separate offenses committed more than seven days apart may not be consolidated in a single program."

Mr. Gettman appealed to superior court which affirmed the District Court, concluding:

> 1. As used in RCW 10.05.010 as amended . . . the language "may not" is mandatory in nature and prohibits the entry of an order deferring prosecution on both the City and County cases as they occurred more than seven days apart.
> 2. An interpretation wherein the above language in RCW 10.05.010, as amended, is found to be permissive would render the above-amended language entirely meaningless and superfluous and contrary to the intent of the legislature.

The court entered an order of remand to district court. This court granted discretionary review. We affirm.

First, Mr. Gettman contends the Legislature intended a permissive construction of the words "may not" because it used the mandatory word "shall" in the two preceding sentences. *State v. Bartholomew*, 104 Wn.2d 844, 848, 710 P.2d 196 (1985); *State ex rel. Nugent v. Lewis,* 93 Wn.2d 80, 605 P.2d 1265 (1980). He also argues a permissive reading of the statute furthers the express legislative purpose of affording rehabilitation to alcoholic motor vehicle offenders, as acknowledged in *State ex rel. Schillberg v. Cascade Dist. Court,* 94 Wn.2d 772, 621 P.2d 115 (1980). Consequently,

the court in its discretion, may consolidate offenses occurring more than 7 days apart.[1] We disagree.

RCW 10.05.010 provides in part:

> A person charged with a traffic infraction, misdemeanor, or gross misdemeanor under Title 46 RCW shall not be eligible for a deferred prosecution program unless the court makes specific findings pursuant to RCW 10.05.020. Such person shall not be eligible for a deferred prosecution program more than once in any five-year period. Separate offenses committed more than seven days apart may not be consolidated in a single program.

The final sentence was added by amendment in 1985. Laws of 1985, ch. 352, § 4.

■■ In construing a statute, the primary objective is to carry out the intent of the Legislature. *Stone v. Chelan Cy. Sheriff's Dep't,* 110 Wn.2d 806, 809, 756 P.2d 736 (1988). That intent is determined primarily from the language of the statute. *Stone,* at 810. Words are given their plain and ordinary meaning unless a contrary intent appears. *In re Estate of Little,* 106 Wn.2d 269, 721 P.2d 950 (1986); *Issel v. State,* 39 Wn. App. 485, 487, 694 P.2d 34 (1984). When the language is clear and unambiguous, there is no need for judicial interpretation. *Stone,* at 810. Statutes should be construed so as not to render any portion meaningless or superfluous. *Stone,* at 810; *State v. McCullum,* 98 Wn.2d 484, 493, 656 P.2d 1064 (1983).

■ When a provision contains both the words "shall" and "may", the presumption is the Legislature intended to distinguish them—"shall" being construed as mandatory and "may" as discretionary or permissive. *Scannell v. Seattle,* 97 Wn.2d 701, 704, 648 P.2d 435 (1982); *Issel,* at 487. However, in the instant case, "may not" is clearly not permissive in nature. Had the Legislature intended such, it could have simply omitted the word "not". Then, however, the final sentence would have been inconsistent with the

---

[1]The State has joined with Mr. Gettman's assignments of error on this issue and was granted leave to be excused from presenting a brief and oral argument.

previous sentence precluding eligibility for deferred prosecutions more than once in any 5-year period. Thus, employing a plain reading of the statute, "may not" is mandatory and none of the language is superfluous.[2] Mr. Gettman's cited cases are distinguishable. *State v. Bartholomew, supra; State ex rel. Nugent v. Lewis, supra.*

Mr. Gettman's second argument is that only a permissive reading of the statute furthers the legislative purpose of affording rehabilitation to alcoholic motor vehicle offenders. We disagree.

RCW 10.05 contains no express statement of legislative purpose. However, the legislative findings for the 1985 amendment state:

> [T]he deferred prosecution program is an alternative to punishment for persons who will benefit from a treatment program if the treatment program is provided under circumstances that do not unreasonably endanger public safety or the traditional goals of the criminal justice system. This alternative to punishment is dependent for success upon appropriate treatment and the willingness and ability of the person receiving treatment to cooperate fully with the treatment program. . . . *The legislature further finds that the deferred prosecution statutes require clarification. The purpose of sections 4 through 19 of this act is to provide specific standards and procedures for judges and prosecutors to use in carrying out the original intent of the deferred prosecution statutes.*

(Italics ours.) Laws of 1985, ch. 352, § 3. These findings followed the decision in *State ex rel. Schillberg v. Cascade Dist. Court, supra* at 780–81, where the court noted the Legislature had prescribed no guidance standards for acting upon deferral recommendations. In 1985 the Legislature set a specific standard when it provided that "[s]eparate offenses committed more than seven days apart may not be consolidated in a single program." It is presumed the Legislature is familiar with court decisions interpreting its

---

[2]*See Ryan v. Montgomery,* 396 Mich. 213, 238 n.4, 240 N.W.2d 236 (1976), rejecting as without merit the argument that "may not be recounted" is permissive; it was clear that "may not" meant "shall not". *See also In re Meekins,* 554 P.2d 872, 875 (Okla. Ct. App. 1976) ("may not be modified" means that and no more).

enactments. *State v. Theilken,* 102 Wn.2d 271, 276, 684 P.2d 709 (1984). The rehabilitative ideal is not defeated by a plain reading of the statute. Offenders such as Mr. Gettman may still obtain treatment and realize rehabilitation. The Legislature has spoken as to the breadth of the program.

Second, Mr. Gettman contends he has been denied the right to equal protection because the City has conceded other offenders have been granted consolidation on offenses occurring more than 7 days apart. He argues justice is not served by denying him access to the same benefits. On the other hand, the City argues Mr. Gettman has failed to show intentional or purposeful discrimination based on any classification in the enforcement of RCW 10.05.010. Consequently, it contends his argument fails for insufficient evidence. We agree.

█ Denial of equal protection of the laws results when state officials enforce the law with "an evil eye and an unequal hand . . .". *Yick Wo v. Hopkins,* 118 U.S. 356, 373–74, 30 L. Ed. 220, 6 S. Ct. 1064, 1073 (1886); *Harman v. McNutt,* 91 Wn.2d 126, 130, 587 P.2d 537 (1978). The defendant must show deliberate or purposeful discrimination based upon an unjustifiable standard such as race, religion or other arbitrary grounds. *Oyler v. Boles,* 368 U.S. 448, 456, 7 L. Ed. 2d 446, 82 S. Ct. 501 (1962); *Plumbers & Steamfitters Union Local 598 v. WPPSS,* 44 Wn. App. 906, 919, 724 P.2d 1030 (1986), *review denied,* 107 Wn.2d 1021, *cert. denied,* 482 U.S. 905 (1987); *Stone,* at 811.

Here, no evidence was presented of any deliberate or purposeful discrimination by the prosecutor. As the trial judge stated, he was unable to respond to the equal protection argument because "[i]t's not really before the Court. . . . Nor is there really any evidence in the record to be a basis for this [determination] . . .". We find no error.

Affirmed.

THOMPSON, C.J., and MUNSON, J., concur.