[No. 28753-2-I.   Division One.   August 10, 1992.]

THE CITY OF BELLEVUE, *Petitioner,* v. DAVID VIGIL, *Respondent.*

*Richard L. Andrews, City Attorney,* and *Jerome Y. Roache, Assistant,* for petitioner.

*Robert McSeveney,* for respondent.

BAKER, J. — The City of Bellevue (City) appeals the District Court's refusal to grant a continuance and issue a material witness warrant in a domestic violence case. We affirm, because we find no abuse of discretion in the District Court's rulings.

I

The City charged Vigil with assault — domestic violence. On the date set for trial, the City moved for a continuance when it discovered that its key witness had not responded to her subpoena. The City also requested that a material witness warrant be issued for the witness, representing that the subpoena had been personally served. Vigil opposed the motions and moved for dismissal. The court granted the City 48 hours to research the issue.

Two days later, the City presented its legal authorities to the court, and indicated that it had been unsuccessful in contacting the witness because her telephone was disconnected. The court denied the City's motions and dismissed the case, citing *State ex rel. Nugent v. Lewis,* 93 Wn.2d 80, 605 P.2d 1265 (1980).

On appeal, the Superior Court affirmed the District Court's dismissal, finding no manifest abuse of discretion. We granted the City's petition for discretionary review because it raises serious public policy issues. RAP 2.3(d).

II

■■ A trial court's decision to grant or deny a continuance is reviewed for a manifest abuse of discretion. *State v. Adamski,* 111 Wn.2d 574, 761 P.2d 621 (1988). The City, however, argues that the Legislature has effectively removed the trial court's discretion to deny continuances in domestic violence cases when it enacted the domestic violence statutes, RCW 10.99.010 *et seq.* The City asserts that the failure to grant a continuance when a properly subpoenaed victim witness fails to appear constitutes an abuse of discretion because of the potential for coercion and intimidation in

domestic violence cases. While we agree with the City that domestic violence cases raise serious legislatively recognized public policy concerns, we do not agree with its assertion that a trial court has no discretion to deny a continuance under these circumstances.

Although it is unclear which section of CrRLJ 3.3 the City relied upon in seeking a continuance, the City argues that a continuance would have been proper under either CrRLJ 3.3(d)(8) or CrRLJ 3.3(h)(2). Under CrRLJ 3.3(d)(8), the trial court may grant a 5-day extension because of unavoidable or unforeseen circumstances unless the defendant would be substantially prejudiced in his or her defense.[1] Unforeseen and unavoidable circumstances include those that are specific, unpredictable, and not self-created. *State v. Palmer*, 38 Wn. App. 160, 684 P.2d 787 (1984). CrRLJ 3.3(h)(2) authorizes a continuance when required in the administration of justice and if the defendant will not be substantially prejudiced.[2]

We do not find the cases discussed in the parties' briefs particularly helpful in determining whether the trial court abused its discretion in denying the City's motion for a continuance. Those cases involve challenges to continuances

---

[1]CrRLJ 3.3(d)(8) provides:

*"Five-Day Extensions.* When a trial is not begun on the date set because of unavoidable or unforeseen circumstances beyond the control of the court or the parties, the court, even if the time for trial has expired, may extend the time within which trial must be held for no more than 5 days unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension. If the nature of the unforeseen or unavoidable circumstance continues, the court may extend the time for trial in increments of not to exceed 5 days unless the defendant will be substantially prejudiced in his or her defense. The court must state on the record or in writing the reasons for the extension."

[2]CrRLJ 3.3(h)(2) provides:

"On motion of the prosecuting authority, the court or a party, the court may continue the case when required in the administration of justice and the defendant will not be substantially prejudiced in the presentation of his or her defense. The motion must be filed on or before the date set for trial or the last day of any continuance or extension granted pursuant to this rule. The court must state on the record or in writing the reasons for the continuance."

which were *granted* under former or different rules than those relied upon in this case. For example, *State ex rel. Nugent v. Lewis*, 93 Wn.2d 80, 605 P.2d 1265 (1980), relied upon by the District Court in denying the motion, is cited by Vigil as being "directly on point". That case involved a continuance granted to the State because a subpoenaed police officer failed to appear at trial. The Supreme Court did hold that "[t]he unexcused absence of a subpoenaed witness at the time of trial is not good cause for a continuance . . .". *Lewis*, 93 Wn.2d at 84. We agree with the City that Lewis does not stand for the proposition that a continuance may never be granted when a subpoenaed witness' absence at trial is unexcused. The court in *Lewis* was not discussing either section of CrRLJ 3.3 at issue in this case. Further, *Lewis* has been distinguished on at least two occasions. In *State v. Henderson*, 26 Wn. App. 187, 611 P.2d 1365, *review denied*, 94 Wn.2d 1008 (1980), we held the trial court did not abuse its discretion in granting a continuance under former CrR 3.3(e)(2)(ii) where the State exercised due diligence[3] and there was an expectation that the witness would become available within a reasonable time. *Henderson*, 26 Wn. App. at 192. We distinguished *Lewis* on grounds that the arresting officer in that case had been served with a subpoena but failed to appear, and no reason was given for the witness' absence. *Henderson*, 26 Wn. App. at 191.

In *State v. Nitschke*, 33 Wn. App. 521, 655 P.2d 1204, 667 P.2d 147 (1982), we distinguished *Lewis* on grounds that the absent witness was a coparticipant in the crime, whereas in *Lewis* the witness was the arresting officer who was under the control of the State. We held that the trial court did not abuse its discretion in granting a continuance because the State exercised due diligence in attempting to secure the

---

[3] The court noted that subpoenas had been issued, there was a warrant for the witness' arrest, the police officers journeyed to the location where the witness had been reported, and the assistance of other law enforcement agencies had been enlisted.

witness' attendance at trial[4] and the defendant did not demonstrate any prejudice from the delay. *Nitschke*, 33 Wn. App. at 524.

■ Nevertheless, we affirm the District Court's denial of the City's second motion for a continuance. After being granted a 48-hour continuance, the City informed the court that it had been unsuccessful in contacting the witness because her telephone was disconnected. There is no showing that other means of contacting the victim had been attempted, or that the City had reason to expect when, if ever, the witness would become available. While due diligence and availability of the witness within a reasonable time are not explicitly required under CrRLJ 3.3(d)(8) or (h)(2), which are the rules relied upon here, the trial court nonetheless may consider these factors in the exercise of its discretion. Moreover, when the District Court granted the City's first motion for a continuance, the speedy trial period had already been exceeded. In light of the defendant's right to a speedy trial, and on this record, we cannot conclude that the trial court abused its discretion in denying the City's second motion for a continuance.

### III

■ A trial court's decision to grant or deny a motion for issuance of a material witness warrant is reviewed for a manifest abuse of discretion. "If no other remedy is sufficient, a denial of the request may constitute an abuse of discretion." 13 R. Ferguson, Wash. Prac., *Criminal Practice and Procedure* § 3306, at 257 (1984).

In *State v. Hartley*, 51 Wn. App. 442, 754 P.2d 131 (1988), this court noted the drastic nature of this means of ensuring a witness' attendance at trial, and affirmed the trial court's denial of a request for a material witness warrant

---

[4]In addition to mailing a subpoena, the State talked to the witness on the phone and contacted the witness' mother, his girlfriend's mother, his attorney, and his probation officer.

because the record did not contain sufficient information to justify issuance of a warrant. *Hartley,* 51 Wn. App. at 446.

The record in the present case contains no basis upon which we could conclude that the trial court abused its discretion in denying the request for a material witness warrant. First, absent some type of showing that other available means of securing the witness' presence at trial had proved futile, use of this more drastic measure would seem inappropriate. We question whether the Legislature's express intent to protect domestic violence victims would be furthered by issuing material witness warrants for the arrest of subpoenaed persons who may already be victims of abuse and/or violence absent a showing that other means of securing the witness' presence at trial proved futile. Second, there is no showing here that the witness' absence was in any way related to the valid public policy concerns recognized in this case. Accordingly, we hold that the trial court did not abuse its discretion in denying the City's request for a material witness warrant.

SCHOLFIELD and PEKELIS, JJ., concur.