[No. 14061-6-II.   Division Two.   April 2, 1993.]

MAXINE BUTTS, *Respondent,* v. JAMES HELLER, *as Judge of Pierce County District Court No. 1, Petitioner.*

*John W. Ladenburg, Prosecuting Attorney,* and *Kyron Huigens, Deputy,* for petitioner.

*Kathleen S. Jordan* and *Smith & Jordan,* for respondent.

MORGAN, J. — The State seeks discretionary review of a writ of prohibition issued by the Superior Court. We affirm.

On November 24, 1989, Maxine Butts was charged in district court with driving while under the influence of intoxicants (DWI). The parties agree that the District Court had 90 days within which to bring her to trial, CrRLJ 3.3,

and that the 90-day period for trial commenced on April 6, 1990.[1] Thus, the last day for trial, absent valid extension of the 90-day period, was Thursday, July 5, 1990.

The District Court scheduled trial for June 13. On June 7, the State sought a continuance because a toxicologist who was needed to testify was on vacation until July 9. The judge continued the trial to July 2, even though the State orally informed him that both the arresting officer and the toxicologist would be on vacation on that date. The prosecutor stated that he would move for another continuance on July 2, and the judge said he would grant 5-day emergency extensions under CrRLJ 3.3(d)(8) as long as was needed.

On July 2, Butts appeared for trial. Her witnesses were present, but the State's were not.

The State moved for a 5-day extension pursuant to CrRLJ 3.3(d)(8). Over Butts's objection, the judge continued the trial to July 5, the last day of the speedy trial period. The State responded by telling the judge that its witnesses would not be available on July 5.

On July 5, the State again moved for a 5-day extension pursuant to CrRLJ 3.3(d)(8). Butts strenuously objected, claiming she had been prepared to proceed to trial on both July 2 and July 5, and would be prejudiced by the absence of a defense witness if trial were held at a later date. The judge overruled her objection and continued the trial to July 9, 4 days after expiration of the 90-day speedy trial period. Butts then moved to dismiss the case, but her motion was denied.

Butts immediately sought a writ of prohibition from the Superior Court. On July 6, the Superior Court granted an alternative writ that required the District Court to refrain from proceeding or, in the alternative, show cause why it should not be restrained from proceeding further.

On July 9, the State and Butts appeared in superior court and the court made the following findings of fact:

---

[1]The commencement of the 90-day period for trial was delayed due to various pretrial proceedings not pertinent here.

1. The District Court has exceeded its jurisdiction by continuing the matter of STATE V. MAXINE BUTTS . . . beyond the 90 day rule set forth in CrRLJ 3.3;

2. There have been no unforeseen or unavoidable circumstances beyond the control of the State which would necessitate a 5-day extension;

3. The prosecutor knew for over 30 days before trial that the State's witnesses would be unavailable and the prosecutor did not show that its material witnesses had been subpoenaed for the various trial dates;

4. [Butts] has been substantially prejudiced by the continuance of the trial date to July 9, 1990 in that her witness is not available for trial on that date;

5. [Butts] has no plain, adequate or speedy remedy at law and it is proper for the Court to issue the Writ of Prohibition in accordance with *State v. Lewis*, 9 Wn. App. 839, 515 P.2d 548 (1973).

The court then granted the requested writ, which prohibited the District Court from proceeding.

The State sought discretionary review, which we granted. The State now argues that Butts had an adequate remedy at law by virtue of her right to take a direct appeal following trial. Thus, it says, the Superior Court erred by granting the writ.

For her part, Butts contends she has no adequate remedy at law because review by direct appeal following trial would require her to participate in the very trial she seeks to avoid. She further contends the District Court erred by granting a 5-day extension in the absence of unforeseen or unavoidable circumstances.

■ A writ of prohibition is proper only "where there is not a plain, speedy and adequate remedy in the ordinary course of law." RCW 7.16.300. What constitutes a plain, speedy and adequate remedy depends on the facts of the case and rests within the sound discretion of the court in which the writ is sought. *State ex rel. Hodde v. Superior Court*, 40 Wn.2d 502, 517, 244 P.2d 668 (1952); *State ex rel. O'Brien v. Police Court*, 14 Wn.2d 340, 348, 128 P.2d 332, 141 A.L.R. 1257 (1942).

Prior to January 1, 1981, when the Washington Supreme Court adopted the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ), 94 Wn.2d 1136 (1980), review of district court decisions was by trial de novo in superior court. *Seattle v. Williams*, 101 Wn.2d 445, 454, 680 P.2d 1051 (1984); *Seattle v. Hesler*, 98 Wn.2d 73, 76-77, 653 P.2d 631 (1982). Under this system of review,

> a large number of municipal court interlocutory orders were subject to review by writ because an appeal, and a new trial in superior court, would not have been an adequate remedy. For example, if a defendant's motion to dismiss for violation of JCrR 3.08, the speedy trial rule, was denied by the trial court, and he appealed his conviction, his trial de novo would not be subject to the district court speedy trial rules and the issue could not be raised. *See State ex rel. Moore v. Houser*, 91 Wn.2d 269, 588 P.2d 219 (1978). Similarly, municipal court pretrial motions relating to discovery, continuances, venue, denial of counsel, denial of jury trial, and so forth, all became moot at the superior court level. Only by applying for a writ of review or prohibition could a litigant obtain adequate appellate review. *See Seattle v. Buerkman*, 67 Wn.2d 537, 408 P.2d 258 (1965); *Bonney Lk. v. Delany*, 22 Wn. App. 193, 588 P.2d 1203 (1978).

*Seattle v. Williams*, 101 Wn.2d at 454-55. As *Williams* notes, several cases had squarely held that a litigant claiming violation of district court speedy trial requirements could obtain review by writ of prohibition. *State ex rel. Moore v. Houser*, 91 Wn.2d 269, 588 P.2d 219 (1978); *State v. Mack*, 89 Wn.2d 788, 576 P.2d 44 (1978); *State ex rel. Rupert v. Lewis*, 9 Wn. App. 839, 515 P.2d 548 (1973).

When the RALJ's were adopted in 1981, the trial de novo system of review was replaced by a system under which the superior court reviews only for errors of law. RALJ 9.1(a). The State argues that under this new system of review, post-trial appeal to the superior court provides a plain, speedy and adequate remedy for speedy trial violations in district court. As a result, it says, allegations of speedy trial violations in district court are no longer reviewable by writ of prohibition.

■ We assume that since adoption of the RALJ's, fewer district court decisions have been reviewable by writ of prohibition. *See Seattle v. Williams*, 101 Wn.2d at 454-55. Nevertheless, it is clear that some district court decisions remain reviewable by means of that writ. The RALJ's do not supersede statutory writs, RALJ 1.1(b), and the Supreme Court has stated that statutory writs remain "the only method of review of interlocutory decisions in courts of limited jurisdiction". *Seattle v. Williams*, 101 Wn.2d at 455.

The question, then, is what characteristics a post-RALJ district court decision must possess in order to be reviewable by writ of prohibition. In *Seattle v. Williams, supra*, the Supreme Court quoted the following passage from *State v. Harris*, 2 Wn. App. 272, 469 P.2d 937 (1970), *rev'd on other grounds*, 78 Wn.2d 894, 480 P.2d 484, *rev'd*, 404 U.S. 55, 30 L. Ed. 2d 212, 92 S. Ct. 183 (1971):

> We are tempted to announce the rule that the remedy by appeal is inadequate whenever it appears inequitable to require the litigants to proceed through a lengthy, expensive trial which, if the present state of the case were allowed to continue, would mean an unquestioned reversal and termination of the entire litigation when appealed after the trial.

101 Wn.2d at 455. The court then stated that "superior courts should follow the above guidelines found in *State v. Harris* in deciding whether to grant a petition." 101 Wn.2d at 455.

■ As we interpret *Williams* and *Harris*, a district court decision must possess two characteristics in order for there to be no "plain, speedy and adequate remedy" by postjudgment appeal, and in order for interlocutory review by writ to be appropriate. First, the decision must involve error so clear that reversal would be "unquestioned" if the case were already before the superior court on a postjudgment appeal. Second, it must be such that the litigation will terminate once the error is corrected by means of interlocutory review.[2]

---

[2]This analysis is consistent with the facts of *Harris*. There, the denial of a motion to dismiss based on collateral estoppel constituted clear error, and correc-

The first characteristic is present in this case. The State does not challenge the Superior Court's findings that the District Court set Butts's trial outside the applicable speedy trial period; that "[t]he prosecutor knew for over 30 days before trial that the State's witnesses would be unavailable"; and that "[t]here have been no unforeseen or unavoidable circumstances beyond the control of the State which would necessitate a 5-day extension". Together, these findings show error so clear that reversal would be unquestioned were the case on direct appeal.

The second characteristic is also present in this case. The remedy for violation of the district court speedy trial rule is dismissal with prejudice. CrRLJ 3.3(i). By definition, such dismissal terminates the litigation.

*State ex rel. Moore, supra, Mack,* and *State ex rel. Rupert, supra,* support our conclusion that the *Harris* factors are met when a litigant seeks an extraordinary writ on the basis of an alleged violation of the district court speedy trial rule. Although those cases were decided before the RALJ's were adopted in 1981, all three were decided after *Harris,* and all three hold that interlocutory review is available by writ.

The State relies on *Alter v. Issaquah Dist. Court,* 35 Wn. App. 590, 668 P.2d 609, *review denied,* 100 Wn.2d 1030 (1983), but that case is consistent with our view of the *Harris* factors. In *Alter,* the claimed error was the State's failure to provide information concerning a State's witness. Correcting the error would not have terminated the litigation. Therefore, the Superior Court did not err when it refused interlocutory relief.

We conclude that Butts had no "plain, speedy and adequate remedy" by postjudgment appeal or otherwise; that the Superior Court did not err when it issued its alternative writ of prohibition; that Butts's right to speedy trial was violated; and that Butts is entitled to dismissal with preju-

---

tion of the error terminated the litigation except for further appeals on the collateral estoppel issue.

270

dice. We deny Butts's claim for reasonable attorney's fees under CR 11.

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.