[No. 18844-2-III.   Division Three.   January 9, 2001.]

EDWARD DALE MABE, *Petitioner*, v. RICHARD B. WHITE, *as Judge of the Spokane County District Court*, ET AL., *Respondents*.

*Katherine S. Knox* (of *Spokane Public Defender's Office*), for petitioner.

*Salvatore J. Faggiano, City Prosecuting Attorney*, and *Gerald A. Caniglia, Jr., Assistant*, for respondents.

KURTZ, C.J. — Spokane County Superior Court Local Writ Practice Rule (LWP) 1.1(c) limits the availability of the statutory writ procedure for cases pending in courts of limited jurisdiction to petitions filed by a defendant who is in custody. Applying LWP 1.1(c), the Spokane County Superior Court denied Mr. Mabe's application for a writ of review because he was not in custody. We must decide whether LWP 1.1(c) is consistent with RCW 7.16.040 and whether the Spokane County Superior Court had the authority to adopt LWP 1.1(c) under RCW 2.28.150. We conclude LWP 1.1(c) is inconsistent with RCW 7.16.040 and the grant of authority under RCW 2.28.150. We reverse and remand.

## FACTS

Judge Richard B. White denied Mr. Mabe's motion to

dismiss a pending criminal proceeding for an alleged speedy trial violation. As Judge White and the jury waited, Mr. Mabe filed an application for a statutory writ of review. Applying Spokane County Superior Court Rule LWP 1.1(c), the superior court denied Mr. Mabe's application because he was not in custody. LWP 1.1(c) limits the availability of the statutory writ procedure for cases pending in courts of limited jurisdictions to petitions filed by a defendant who is in custody. The commissioner of this court granted Mr. Mabe's request for discretionary review.

## ANALYSIS

■■ Superior courts have the procedural authority to adopt rules to carry out a statutory directive where a mode of proceeding is not specifically pointed out and jurisdiction is otherwise conferred upon the court. RCW 2.28.150;[1] *Abad v. Cozza*, 128 Wn.2d 575, 588, 911 P.2d 376 (1996). Superior courts may rely on RCW 2.28.150 for authority to create a mode of proceeding necessary to carry out a statutory directive without violating constitutional rights. *Id.* Local rules cannot conflict with court rules or statutes. *Harbor Enters., Inc. v. Gudjonsson*, 116 Wn.2d 283, 293, 803 P.2d 798 (1991).

■ Superior courts have the authority to issue constitutional common law writs and statutory writs. CONST. art. IV, § 6; RCW 7.16.040. A superior court has the jurisdiction to grant a common law writ as part of its inherent power arising out of article IV, section 6 of the Washington State Constitution. *Bridle Trails Cmty. Club v. City of Bellevue*, 45 Wn. App. 248, 251-52, 724 P.2d 1110 (1986). The applicable statutes determine what factors must be present before a superior court may grant a statutory writ. *Id.*

---

[1] RCW 2.28.150 reads as follows: "When jurisdiction is, by the Constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws."

Statutory writs are the sole means of obtaining review of an interlocutory decision of a court of limited jurisdiction. *City of Seattle v. Williams*, 101 Wn.2d 445, 455, 680 P.2d 1051 (1984). Mr. Mabe petitioned for a statutory writ of review. Statutory writs of mandamus, prohibition, and certiorari or review[2] are governed by chapter 7.16 RCW. *Williams*, 101 Wn.2d at 454.

Spokane County Superior Court adopted Local Writ Practice Rules that apply to any party seeking an extraordinary writ under chapter 7.16 RCW. LWP 1.1(a). LWP 1.1(c) reads as follows:

> In the instance of cases pending in courts of limited jurisdiction, the sole use of extraordinary writs under these rules shall be limited to petitions filed by a defendant who is in custody and shall be limited to testing the ruling or judgment which holds the defendant in custody.

In sum, LWP 1.1(c) places two in-custody limitations on petitions for extraordinary writs in courts of limited jurisdictions. First, the petitioner must be in custody to file a petition. Second, the petition must challenge the judgment that holds the petitioner in custody. In effect, LWP 1.1(c) bars petitioners from seeking any writ other than a writ of *habeas corpus*.

The grounds for granting a statutory writ of review are set out in RCW 7.16.040:

> A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

Under RCW 7.16.040, a superior court is authorized to

---

[2] RCW 7.16.030 reads as follows: "The writ of certiorari may be denominated the writ of review."

grant a writ of review only if (1) the district court exceeded its jurisdiction or acted illegally, and (2) there is no appeal or adequate remedy at law. *State v. Epler*, 93 Wn. App. 520, 523-24, 969 P.2d 498 (1999). Mr. Mabe applied for a writ of review after the district court denied his motion to dismiss for an alleged speedy trial violation. An application for a writ of review of a violation of speedy trial rules meets both requirements of RCW 7.16.040. *See Butts v. Heller*, 69 Wn. App. 263, 269, 848 P.2d 213 (1993). Simply put, requiring an appeal after a trial on the merits would subject petitioners to the very trial they seek to avoid. *State v. Mack*, 89 Wn.2d 788, 790-91, 576 P.2d 44 (1978).

In its order, the superior court did not address the factors contained in RCW 7.16.040. Instead, applying LWP 1.1(c), the superior court denied Mr. Mabe's petition because he was not in custody. The questions we must resolve are whether the in-custody limitations contained in LWP 1.1(c) are inconsistent with the statutory directives that the local rule was meant to effectuate and whether the Spokane County Superior Court had the authority to adopt LWP 1.1(c) under RCW 2.28.150.

■ LWP 1.1(c) is inconsistent with RCW 7.16.040 because the in-custody limitations contained in LWP 1.1(c) impose additional requirements on the availability of the statutory writ process for petitioners in cases pending in courts of limited jurisdiction. In effect, LWP 1.1(c) operates as a complete bar, prohibiting petitioners from applying for a writ of review or any other extraordinary writ unless they are in custody. The Legislature, not the Spokane County Superior Court, should determine which factors limit the availability of a statutory writ.

■ Of equal importance, LWP 1.1(c) is more than a "procedural" rule and is not authorized by the grant of authority contained in RCW 2.28.150. A petitioner seeking a writ of review is alleging that the lower court acted illegally or beyond its jurisdiction. As the *Epler* court noted: "Some circumstances deprive a court of jurisdiction to deny a motion to dismiss a criminal trial." *Epler*, 93 Wn. App. at

524. LWP 1.1(c) limits a petitioner's substantive right to seek review of decisions the lower tribunal had no authority to make. Moreover, as applied here, LWP 1.1(c) limited Mr. Mabe's ability to assert speedy trial rights granted under court rule and the federal constitution. The purpose of the speedy trial rule is to protect the defendant's right to a speedy trial. *Mack*, 89 Wn.2d at 791-92. The remedy for the violation of the applicable speedy trial rule is dismissal with prejudice. *See Butts*, 69 Wn. App. at 269 (applying CrRLJ 3.3(i)).

We conclude that LWP 1.1(c) is inconsistent with RCW 7.16.040 and the grant of authority under RCW 2.28.150. We reverse and remand. On remand, the superior court should apply RCW 7.16.040 when considering Mr. Mabe's application for a writ of review.

SWEENEY and KATO, JJ., concur.

Reconsideration denied March 9, 2001.